Rector vs. Drury.

## RECTOR vs. DRURY.

1. EVIDENCE — JUSTICE'S TRANSCRIPT. — Where, in an action for the recovery of a debt, the defense is, that the defendant has paid the debt sued for pursuant to proceedings against him in justice's court, as garnishee of the plaintiff, a transcript of the justice's docket of such proceedings is competent proof to show that the justice had jurisdiction of such garnishee proceedings, so far as it recites the necessary facts to give jurisdiction, without the production of the affidavits on which such proceedings were founded.

2. GARNISHEE SUIT—WAIVER.—The rendition of judgment in an attachment suit, before examining a garnishee summoned upon such suit, is not a discontinuance of the garnishee proceeding; and, although regularly, the garnishee should have been examined before the rendition of such judgment, yet, the objection can be raised only by the garnishee, and if he answers without raising it, it is waived and the defendant in the attachment is bound by it.

3. JURISDICTION—WAIVER. — Whether brothers-in-law are "near of kin," within the meaning of the statute, ch. 88, sec. 47, so as to exclude a justice of the peace from trying a case to which his brother-in-law is a party, after that fact is made to appear, *quære* (see, however, *Hibbard v. Odell*, 16 Wis., 633); but where the objection is not brought forward or made distinctly to appear, he is not deprived of jurisdiction. If the objection exists, it may be waived.

4. GARNISHEE—JUDGMENT.—A judgment in garnishee proceedings is a protection to the defendant against a suit of his creditor for the same claim, if such proceedings were not void for want of jurisdiction; that they are voidable for error or mere irregularity will not suffice to deprive the garnishee of their protection as a defense.

(4 Chand., 24.)

ERROR to the County Court of *Marquette* County.

An action of assumpsit was brought by *Rector* against *Drury* in justice's court, on a note or agreement given by the latter to the former for the delivery of fifty-one bushels of corn at *Drury's* barn on demand; the corn having been demanded and delivery refused.

Subsequently, one Clark, in an attachment suit against *Rector*, recovered judgment against the latter for $21.34; execution was issued on this judgment and levied on fifty bushels of corn in the possession *Drury* as the property of *Rector*.

At the time Clark commenced his attachment suit against *Rector*, he also commenced garnishee proceedings against *Drury*, on account of his liability to deliver the corn to *Rector* as above mentioned. His examination as such garnishee was not had until after judgment had been rendered against *Rector* in the attachment suit brought against him by Clark, when he disclosed, that at the time of the service of the garnishee processes on him, he had fifty-one bushels of corn belonging to *Rector*,

for which *Rector* held his note due on demand; that the note was given on the same day the garnishee process was issued. Upon this disclosure, judgment was rendered in the garnishee suit against *Drury* for the entire amount of the judgment recovered by Clark against *Rector* in the attachment suit, with costs. The justice rendered judgment for the plaintiff *Rector*, for the amount claimed by him on the note for the corn, against *Drury*, and the latter appealed to the county court. Upon the trial in that court, the plaintiff offered to prove that the justice of the peace, before whom the judgment was rendered in the attachment suit against *Rector*, and in the garnishee proceeding against *Drury*, founded on it, was a brother-in-law of Clark, the plaintiff therein; the proceedings before such justice having been offered and received in evidence in defense to the present action. Such other facts as are material are stated in the opinion of the court. Judgment was given for the defendant *Drury*, and *Rector* brought the case to this court by writ of error.

*Collins, Smith & Kissam*, for plaintiff in error.

*M. W. Seeley*, for defendant in error.

HOWE, J. To an action of assumpsit upon a promissory note, payable in corn, the defendant *Drury* set up the defense, that the corn had been attached and sold in his hands upon a judgment recovered against him as the garnishee of *Rector*, in favor of one Clark.

Upon that defense *Drury* had judgment in the county court of Marquette county, the record of which is brought here on error.

Numerous exceptions were taken upon the trial below, and several errors are assigned upon the record here, as, 1. The plaintiff objected to the introduction in evidence of transcripts from the justice's docket, of the judgments recovered by Clark against *Rector*, and against *Drury* as his garnishee, until the affidavits should be produced, on which the writ of attachment

and the garnishee process issued. The court overruled the objection, and this is the first error assigned.

We think the learned judge clearly right in overruling that objection. He certainly did not controvert the doctrine contended for by the plaintiff's counsel here, to wit: that the jurisdiction of inferior courts is not presumed, but must be proved; he simply held the transcript to be competent proof of that jurisdiction, so far as it recited the facts necessary to give jurisdiction, and in so holding is sustained by the express declaration of our statute. R. S., ch. 98, sec. 87.

2. It was objected that the justice, by rendering judgment against the principal defendant *Rector*, before he had examined the garnishee *Drury*, had discontinued the suit as against the latter, and therefore the judgment rendered against him by the justice is void. But, however irregular it might have been to examine the garnishee after judgment rendered against the principal defendant, we are satisfied that the garnishee alone could object to it. It was no discontinuance. The garnishee might possibly have urged the former judgment as a bar to any examination of him, or to any judgment against him, but by not taking the objection upon the trial, we think the irregularity is waived. It could in no case affect the judgment previously rendered against *Rector*. The command of the statute is *not* that judgment should not be rendered against the principal defendant until the garnishee shall have been examined.

The rights and liabilities of Clark and *Rector* were determined by that first judgment. In the collateral controversy between Clark and *Drury*, the defendant *Rector* had no legal interest. He had already been adjudged to pay Clark a certain sum of money, and it was not important to him whether Clark should collect that sum out of property in his own hands or in the hands of *Drury*. The latter was interested to deny that he had any property in his hands belonging to *Rector*, but, instead of denying, he admits the fact. He makes the admission without objection, after the irregularity had occurred, and

by every rule of practice must be deemed to have waived it. Having waived the objection there, he cannot avail himself of it now, *a fortiori.* The defendant *Rector*, who was not prejudiced by the irregularity, must be held concluded by the judgment there pronounced.

3. The plaintiff below offered the testimony of a witness to show that the justice who rendered the original judgments against him and his garnishee was brother-in-law to Clark, the plaintiff in those judgments; which testimony was objected to and overruled; which is another of the alleged errors.

It is provided by the 47th section of the 88th chapter of the revised statutes, that if, previous to joining issue in any suit, " it *shall appear* that the justice is near of kin to either party, then, and in such case, the said justice shall transmit said suit and all papers appertaining to the same, to some other justice of the same county, who may thereupon proceed to hear, try and determine the same, in the same manner as it would have been lawful for the justice before whom the said suit was commenced to have done."

It would, perhaps, be difficult to say upon any rule of legal construction that brothers-in-law are near of kin to each other, however their relations may come within the purview of those mischiefs which the legislature intended to guard against. The terms kindred and consanguinity are used by Blackstone synonymously, and are defined as " the relation of persons descended from the same stock or common ancestor." 2 Black. Com., 203.

And I believe that all law authors use the term kin or kindred as descriptive of those only who are related by consanguinity. In ordinary speech the word may sometimes be used in a different sense, and as descriptive of those who are related by affinity.

But, whatever may have been the true signification which the legislature intended to give that term, it must be remarked that the command of the statute is not *absolute* to the justice so

related, not to sit in judgment between the parties, but it is conditional, "if it (the relationship) shall appear," he shall transmit the cause to another justice; and not then, unless the objection appear before joining issue in the suit. The objection then, clearly, is not fatal to the jurisdiction of the justice, unless it be made to appear. If it exists, it may be waived by joining issue in the suit. And if the defendant may waive the objection by denying the cause of action, with stronger reason should he be held to have waived it by confessing the cause of action, or by suffering default upon it. After final judgment has been rendered, we think it too late to raise the objection.

Again, it is objected that the judgment of the justice upon the disclosure of the garnishee was for the payment of money, whereas, it should have been for the delivery of the corn admitted to be in his hands, according to the provision of the statute. R. S., ch. 88, sec. 130.

To this objection, it is sufficient to reply that the justice had, as we have seen, jurisdiction of the cause and of the parties, and was thereby clothed with authority to pronounce a *right* judgment. And I think it was as clearly his prerogative to pronounce an *erroneous* judgment. If he in fact did so, the judgment might have been avoided, but it cannot be void.

I shall not notice individually the multiplied exceptions taken to the instructions given or refused to be given to the jury by the judge below. We have discovered no error therein which could have affected the issue of the controversy, and are therefore of opinion that the judgment of the county court must be affirmed.