WINNER, Respondent, vs. HOYT, imp., Appellant, and others, Garnishees, etc.

WINNER, Respondent, vs. HOYT and another, Garnishees, etc., Appellants.

*February 3 — March 1, 1887.*

GARNISHMENT. *(1) Service on principal defendant: Jurisdiction. (2) Service on one partner only. (3) Diligence in finding defendant.*

1. The service of the garnishee summons upon the principal defendant under sec. 2756, R. S., is not a prerequisite of jurisdiction, but is merely a *notice* in a proceeding *in rem,* jurisdiction of the *res* being acquired by service upon the garnishee.
2. Where the garnishment is in aid of execution upon a judgment against partners, both of whom appeared in the principal action, and where the property sought to be reached had been assigned to the garnishee by the firm, service of the garnishee summons upon one partner is sufficient to prevent the service upon the garnishee from becoming void and of no effect.
3. Where a garnishee summons has been placed in the hands of the sheriff of the county where the principal defendant resides, and the sheriff is unable, after due diligence, to find such defendant in the county, and ascertains that he has no usual place of abode with any family or person, and is informed that he has left the county to be absent traveling until after the time limited for the service of such summons has expired, and is unable, after due diligence, to ascertain where he could be found at any particular time within the period so limited, so that service could be made on him at that place, such sheriff is justified in returning that after due diligence service could not be made on such defendant within the state.

APPEALS from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

May 28, 1885, the plaintiff, in an action commenced by summons and attachment personally served on both defendants, April 23 and 29, 1885, upon a debt accruing prior to April 16, 1885, recovered judgment for $2,203.18 against

the firm composed of said defendants *E. S. Hoyt* and Wesley Kinney, in the county court for Milwaukee county. May 11, 1885, the defendants, *E. S. Hoyt* and Kinney, by S. M. Dixon, as their attorney, appeared in said action and traversed said attachment, which traverse was dropped and abandoned by consent of all parties. An *alias* execution was issued upon the judgment, and August 6 and 7, 1885, the garnishee summons and affidavit were served by the sheriff upon the defendant Kinney, and also upon the garnishees, *Frank M. Hoyt* and *Ephraim Mariner*. The sheriff, August 12, 1885, returned: " The defendant *E. S. Hoyt* could not, after using due diligence, search, and inquiry, be found in my county." August 27, 1885, *Frank M. Hoyt*, as such garnishee, answered denying all indebtedness and liability to said firm or having in his hands any property belonging to the firm. August 31, 1885, the plaintiff took issue with such answer of the garnishee. November 16, 1885, the cause was tried, and thereupon the trial court found in favor of the garnishee, and November 28, 1885; and on motion of *Ephraim Mariner* and *Frank M. Hoyt*, attorneys for defendants therein, judgment was entered against the plaintiff and in favor of the garnishee, dismissing the action with costs against the plaintiff. From that judgment the plaintiff appealed to this court, and May 15, 1886, the judgment was reversed, and the cause was " remanded for further proceedings according to law." 66 Wis. 227, 251.

July 19, 1886, the *remittitur* was filed in the trial court, and thereupon the plaintiff moved for judgment against the garnishee *Frank M. Hoyt*. September 10, 1886, the said *E. S. Hoyt*, who appeared in the case for that purpose only, upon the papers and proceedings on file and of record in the action, and upon certain affidavits, obtained an order to show cause why the service of the garnishee summons and affidavit therein should not be vacated and set aside and held and declared to be void from the beginning. The court denied

the motion October 30, 1886, and from the order denying the same the said *E. S. Hoyt* has taken one of these appeals.

On the same October 30, 1886, in pursuance of an order to show cause previously made and based upon the records and proceedings in said principal action and said action against said garnishees, it was ordered, in effect, that leave be, and the same was thereby, granted to the deputy sheriff who served and returned said summons in garnishment to amend his return of such service thereon by adding to such return the statement that, after due diligence, service of the said summons could not be made upon the said defendant *E. S. Hoyt* within the state of Wisconsin. From that order the garnishees, *Mariner* and *Frank M. Hoyt*, have taken one of these appeals.

The facts appearing in the papers and records upon which said orders so appealed from (or one of them) were based, in addition to those already stated, were, in effect, that the debt upon which said judgment was recovered was contracted by the firm and copartnership composed of said *E. S. Hoyt* and Wesley Kinney, and in the course of their partnership business; that, from the time the property of said firm was transferred to *Frank M. Hoyt* in April, 1885, to about August 6, 1885, said *E. S. Hoyt* was employed by the said *Frank M. Hoyt* in collecting old accounts of said firm in different parts of the country; that said traverse was never filed, nor any notice of retainer or appearance by said Dixon was ever served on the plaintiff's attorney or entered in the clerk's office; that said *Frank M. Hoyt* and said *Mariner* acted as attorneys in the principal action, and the judgment was entered therein upon their motion; that said Dixon did not act as such attorney except in making said answer of traverse, but the said *Frank M. Hoyt* had charge of the litigation; that shortly after May 22, 1885, it was verbally stipulated on the part of the plaintiff and said *Frank M. Hoyt*, in effect, that said traverse be considered

withdrawn and the attachment issued therein dismissed, and that judgment be entered therein at once by default, which was carried into effect; that from August 7, 1885, to December 31, 1885, inclusive, the said *E. S. Hoyt* was in the state of Wisconsin; that from June 1, 1885, to August 20, 1886, inclusive, his business was that of a traveling agent, spending most of his time in making trips from place to place in the country outside of Milwaukee county in-taking orders for merchandise and making collections for goods sold by Webster Bros., liquor dealers at No. 216 West Water street in the city of Milwaukee; that before starting upon such trips he always agreed with his employers upon the route to be taken, and fixed approximately the dates he would be at the various stopping places upon the way; that said *E. S. Hoyt's* duties as such traveling agent kept him nearly all the time in the interior of the state, outside of Milwaukee county, requiring him to go rapidly from place to place, remaining but a day or two and often but a few hours at a time in any town, city, or village, returning to Milwaukee only occasionally and for a very brief stay before setting out again upon his business tours; that during the times mentioned the said *E. S. Hoyt* was a resident of Milwaukee county and was a bachelor without any family, having a rented room in New Hampshire block, on Grand avenue in Milwaukee, and that when at home he obtained his meals at restaurants and other places where he might find it convenient; that the deputy sheriff of said county, to whom said garnishee summons and affidavit were delivered for service, knew said *E. S. Hoyt* at the time; that while he had said garnishee summons and affidavit in his possession as such deputy sheriff he went to said room several times for the purpose of serving the same upon said *E. S. Hoyt*, but always found said room locked, and was informed by the janitor of the building, of whom he inquired for said *E. S. Hoyt*, that he was away from home; that,

during said time he had possession of said garnishee summons and affidavit, he also inquired several times at the counting-room of said Webster Bros. in said city for said *E. S. Hoyt*, and sought information there as to his whereabouts, and was each time informed that he was in the country on a trip for said firm; that although he was several times informed at said counting-room where he was when last heard from, yet he was unable to learn where he would be at any definite time; that he was informed by persons in charge of said counting-room and store, and verily believed, that he was not expected to return to Milwaukee county within two or three weeks from the time said garnishee summons was so served upon said Kinney; that, from the search and inquiry so made by him after said *E. S. Hoyt*, he was, at the time of having possession of said garnishee summons, and was still on September 23, 1886, of the opinion that, after due diligence, service thereof upon said *E. S. Hoyt* could not be made within the state of Wisconsin, and he desired at said last-named date so to amend his return upon said summons that the same should so state; that as a matter of fact said *E. S. Hoyt* was in Milwaukee from the evening of August 14, 1885, to the forenoon of August 19, 1885, most of the time at the store of said Webster Bros., or at his said room; that, soon after the service of the garnishee summons on *Frank M. Hoyt*, the said *E. S. Hoyt* was fully advised by said *Frank M. Hoyt*, who was his real attorney and adviser in the matter, of the commencement of said garnishee proceedings, and he continued to be aware of their pendency and progress up to August, 1886, and that he had neglected to appear and answer or defend for the reason that *Frank M. Hoyt* would make and had made, as garnishee, every possible defense to such garnishment; that said *E. S. Hoyt's* affidavit and order to show cause were prepared under the supervision of said *Frank M. Hoyt*.

Winner vs. Hoyt, imp., and others, Garnishees, etc.

For the appellants there was a brief signed by *E. Mariner* and *F. M. Hoyt*, garnishees, *in pro. per.*, and *Johnson, Rietbrock & Halsey*, attorneys for *E. S. Hoyt*, and the cause was argued orally by *Mr. Johnson* and *Mr. Mariner*. They contended, *inter alia*, that the service on the defendant was as clearly jurisdictional as that required to be made on the garnishee. A garnishee's liability is created by statute and can only be made to exist upon compliance with every condition imposed by the statute; and every such condition is therefore jurisdictional. *Steen v. Norton*, 45 Wis. 412; *Falkerts v. Standish*, 55 Mich. 463. Unless the failure to serve *E. S. Hoyt* was excused by proof that he could not, after due diligence, be found within the state, the service upon the garnishees was "void and of no effect from the beginning." R. S. sec. 2756; *Wise v. Rothschild*, 67 Iowa, 84; *Laidlaw v. Morrow*, 44 Mich. 547; *O'Rourke v. C., M. & St. P. R. Co.* 55 Iowa, 332; *Healey v. Butler*, 66 Wis. 9. Service on one of the members of the firm was insufficient, because, under our statute, service upon one partner will bind partnership property and that of the partner who was served, only when it appears that the partner who was not served could not with reasonable diligence be found within the state. R. S. sec. 2884; *Blackburn v. Sweet*, 38 Wis. 578; *Likens v. McCormick*, 39 id. 313. The fact that the officer's return was made before the expiration of the time limited for service shows that due diligence was not used, especially in view of the further fact that after the return was made, and for several days before the time for service had expired, *E. S. Hoyt* was in the city, at his lodgings and at his usual place of business. See *Thompson v. Morris*, 2 B. Mon. 35; *Hinman v. Borden*, 10 Wend. 367. In the latter case the syllabus is at war with the decision.

For the respondent there was a brief by *Stark & Sutherland*, and oral argument by *Mr. Stark*.

CASSODAY, J.   The issues upon the answer of the gar-
nishee *Frank M. Hoyt* were fully tried by the court with-
out a jury, and findings were made and judgment entered
upon the merits in favor of the garnishee.   Upon the ap-
peal from that judgment, it was held by this court, in effect,
that as the several chattel mortgages and assignments to
the several creditors, transferring the entire property of the
insolvent firm of E. S. Hoyt & Co., were made in pursu-
ance of the same agreement, at substantially the same time,
and all relating to the same subject matter, for the same
common purpose of having one of such mortgagees and
assignees, for himself and as agent and trustee for the
others, take immediate possession and convert such prop-
erty into money and divide the same *pro rata* among such
favored creditors, they must be construed together as one
instrument, and, when so construed, they constituted in
legal effect a general assignment, with preferences for the
benefit of such favored creditors, and hence, under the stat-
utes, were void as to other creditors, including the plaintiff.
66 Wis. 227.   A specific judgment was not directed upon
that reversal, because certain computations were first neces-
sary, which were left for the trial court.   Accordingly, the
judgment of the trial court was reversed, and the cause was
" remanded for further proceedings according to law."
Page 251.   The words "according to law" manifestly
meant according to the opinion of the court filed upon that
appeal; for, without regard to the merit or demerit of that
opinion, it necessarily became the law of the case.   This
being so, it would seem to follow that, upon the cause be-
ing remanded, the plaintiff was entitled to judgment against
the garnishee in accordance with the determinations of
this court in the opinion filed.

But, notwithstanding these things, it is now urged that
such trial and judgment upon the merits in the county

court, and such determinations in this court, were each and all nullities for want of jurisdiction, resulting from the alleged failure to serve the garnishee summons and affidavit upon one of the principal debtors composing the firm of E. S. Hoyt & Co. The statute -requires such service to be made "on each of the several *garnishees* named, in the manner provided in secs. 2636, 2637, R. S., for service of a summons in an action." Sec. 2756, R. S. Neither of the sections thus referred to provides for service by publication or otherwise upon a defendant without the state, or upon one not found and having no usual place of abode with any family or with any person within the state. Sec. 2756 does not contemplate any service of garnishment being made upon the principal defendant debtor without the state or by publication; for, after providing for service. upon the garnishees, it continues: "And, *except* where service of the summons *in the action* is made without the state or by publication, *also* on the defendant to the action *in like manner*, either before, *or within ten* days after, service on a garnishee. When the defendant shall have appeared in the action by an attorney, such service may be made upon such attorney or upon the defendant. *Unless* the garnishee summons be so served upon the defendant *or* his attorney, *or* the proof of service upon the garnishee show that, after due diligence, such service cannot be made within the state, the service on the garnishee shall *become* void and of no effect from the beginning." Sec. 2756, R. S.

The argument at the bar was devoted largely to the question whether this section makes such service upon the defendant in the principal action jurisdictional. Prior to the enactment requiring such service to be made upon the defendant in the principal action, embraced in the above statute, there would seem to have been no doubt but what the payment of money or delivery of property in good faith by a garnishee, in pursuance of a valid judgment of gar-

nishment obtained without such service, was a complete
protection against any subsequent claim or suit by the de-
fendant in the principal action. *Rector v. Drury*, 3 Pin.
298; *Adams v. Filer*, 7 Wis. 306, 73 Am. Dec. 410. As
said in this last case, such proceeding was *inter partes* to
the record, and binding upon all the property of the de-
fendant found within the jurisdiction of the court. But,
to secure such protection, it was incumbent upon the gar-
nishee to disclose every known defense, and, if necessary,
notify the defendant in the principal action of the proceed-
ing, and in good faith afford him an opportunity to defend
his title. *Ibid.;* Freeman on Executions, § 418. In other
words, there was to be no abuse of process. The difficulties
arising out of such a state of the law, as illustrated by
numerous cases which might be cited, undoubtedly led to
the enactment mentioned. The manifest purpose of such
enactment was not only to protect the garnishee but to con-
clude the defendant in the principal action by a final deter-
mination of the rights of all parties to the property or
indebtedness sought to be reached by the garnishment.
Accordingly, it is provided that the defendant in the prin-
cipal action may in all cases defend against the garnishee
proceedings upon any of the grounds authorized, and so
the garnishee may, at his option, defend the principal ac-
tion. Sec. 2765, R. S.

But sec. 2756, R. S., does not require such service in gar-
nishment to be made upon the defendant in the principal
action in all cases. On the contrary, it expressly provides,
in effect, that such service need not be made in such gar-
nishment whenever the service of the summons in the prin-
cipal action is made without the state or by publication. In
such actions against nonresident defendants so served,
further service is dispensed with, and it is left as before the
enactment. Jurisdiction in such cases of garnishment, where
the defendant in the principal action is a nonresident, has

been upheld mainly upon the ground that such proceeding is substantially *in rem* to subject specific property or credits to the payment of a specific debt. *Moore v. Wayne Circuit Judge*, 55 Mich. 87. In the case last cited the defendant in the principal action was a nonresident, but the garnishee papers were personally served upon him without the state, and it was held, in effect, that the trial court had jurisdiction as to property and credits in the hands of the garnishee. In *Cooper v. Reynolds*, 10 Wall. 317, Mr. Justice MILLER, speaking for the court upon this question, observed: "So, also, while the general rule in regard to jurisdiction *in rem* requires the actual seizure and possession of the *res* by the officer of the court, such jurisdiction may be acquired by acts which are of equivalent import, and which stand for and represent the dominion of the court over the thing and in effect subject it to the control of the court. Among this latter class is the levy of a writ of attachment or seizure of real estate, etc. . . . So the writ of garnishment, or attachment, or other form of service on a party holding a fund which becomes the subject of litigation, brings that fund under the jurisdiction of the court, though the money may remain in the actual custody of one not an officer of the court." To repeat what was said in another case: "As in a creditor's bill, so in supplementary proceedings, the commencement of them by the service of process or notice operates as an equitable levy and creates a lien in equity upon the effects of the judgment debtor; and every species of property belonging to him may be reached and applied to the satisfaction of his debts." *In re Milburn*, 59 Wis. 34. So the service of garnishee papers upon the garnishee operates as an equitable levy upon such of the debtor's property and credits as were at the time of such service in the hands of the garnishee.

Sec. 2756 provides, in effect, that when the defendant has appeared in the principal action by an attorney, then such

garnishee summons and affidavit may be served upon such attorney instead of such defendant. Where the summons in the original action is personally served upon the defendant therein, the court thereby acquires jurisdiction of his person. His appearance by attorney in such original action gives the court no additional jurisdiction. Such appearance in such original action cannot be treated as an appearance in the garnishment, if that is to be regarded as a separate, independent jurisdiction as to him, to be acquired only by the service of garnishee process upon the defendant in the principal action as well as the garnishee. The same section provides, in effect, that said garnishee summons and affidavit need not be served upon the defendant in the principal action, nor the attorney who may have appeared for him therein, if the proof of service on the garnishee shows that, after due diligence, such service upon such principal defendant cannot be made within the state.

These several provisions of the section indicate pretty clearly that such service of garnishment upon the defendant in the principal action was not required for the purpose of securing a new and independent jurisdiction over such defendant personally or the property and credit sought to be thereby reached; for, if such service was designed as a condition precedent to the exercise of such jurisdiction, then it could not be dispensed with, for the court could not proceed without it. Maxw. Stat. 347. The garnishee summons is not required to be addressed to the defendant in the principal action, but only to the garnishee. Sec. 2754, R. S. The form given is entitled in the cause and designates the defendant in the principal action and also the garnishee, and closes with this: " Of which the said defendant will also take *notice;* "— adding the name of the plaintiff's attorney and his address. *Ibid.* Is such requisite service upon the defendant in the action anything more than a mere notice in a proceeding *in rem,* where the

court has already acquired jurisdiction of the *res?* True, the statute provides, in effect, that, except in the three several cases mentioned where such service is expressly dispensed with, the garnishee summons must be so served on the defendant "either before, or *within ten days after*, service on the garnishee," or "the service *on* the *garnishee* shall *become* void and of no other effect from the beginning." Sec. 2756. Certainly the defendant has the right to insist upon the benefit of this provision. But in giving it a construction it is important to determine whether such service on the defendant is jurisdictional and hence a condition precedent, or a mere notice required after jurisdiction has been obtained and hence a condition subsequent.

As observed, the service upon the garnishee gives jurisdiction of the *res.* The service upon the defendant may be "before" the service upon the garnishee; but a failure to make it *before* does not preclude subsequent service upon the garnishee, as ten days are expressly given thereafter within which such service may be made upon the defendant. Such service upon the *garnishee* is only to "*become* void and of no effect from the beginning" when such service is not made upon the defendant "within ten days after service" upon the garnishee, and when neither of the three other conditions in which such service is dispensed with exists. The manifest purpose of such condition subsequent was not to give jurisdiction but to secure good faith and diligence in the giving of such notice, when it could be given within *ten days* after service upon the garnishee and thus obtain the objects of the enactment as stated. The condition affixed to the failure to serve the garnishee papers on the defendant in the case required, is in the nature of a penalty or forfeiture in consequence of such omission. It is like the condition that "the proceeding against the garnishee shall be dismissed," unless the plaintiff files "his complaint duly verified" in the clerk's office "within ten.

days after service of a garnishee summons upon a garnishee." Sec. 2758, R. S. Although a statutory condition precedent to jurisdiction cannot be dispensed with or waived, yet a statutory condition subsequent to the acquisition of such jurisdiction may be dispensed with or waived, especially where such statute is for the benefit of the party waiving the same, and no public right or policy is thereby invaded. Maxw. Stat. 345–351. Certainly, the defendant in the principal action may waive the service of garnishment upon him by voluntarily appearing in such proceedings. *Everdell v. S. & F. du L. R. Co.* 41 Wis. 395. This was strongly intimated in *Healey v. Butler*, 66 Wis. 14.

Here it appears that *E. S. Hoyt* was aware of the garnishee proceedings. He was the uncle and in the employ of the garnishee during much of the litigation. The garnishee, who is an able lawyer, instigated and manipulated the assignment, not in bad faith, but as we think under a mistaken view of the law, and acted as the principal counselor of his uncle both before and after the assignment, and assumed to act as attorney for his uncle and Kinney in withdrawing the traverse of the attachment and allowing judgment by default. Besides, the record fails to show any want of good faith or diligence in the attempt to serve the garnishee papers upon *E. S. Hoyt.* On the contrary, we think, the affidavit of the deputy sheriff, which is not overthrown, shows ordinary diligence to find *E. S. Hoyt*, and that he failed to find him or definitely locate him where he could be found within the state to make such service. It would be an unreasonable construction of the statute to require the sheriff or his deputies to make continuous search during every one of the ten days given for such service. A sheriff, especially in a county like Milwaukee, is liable to have numerous papers in his hands for service at the same time, as well as other duties. If he is bound to retain each paper in his hands until the last day for making return, and

is, moreover, bound to make diligent search to serve each paper during every day he has possession of the same, then it is easy to perceive that such confusion of duties would render the administration of the office impracticable as well as excessively burdensome. True, the statute requires that the proof of service must show "that, after due diligence, such service cannot be made within the state." But this does not mean an absolute impossibility to make such service, nor the utmost diligence to make such service, nor anything more than "due," appropriate, fit, proper diligence,— that is, ordinary diligence. This does not require the garnishee summons and affidavit to be sent to, and returned by, every sheriff in the state. But even that might fail to secure service on a traveling man within-a given time, since no sheriff could be in every place in his own county at the same time. It is enough, in the first instance, if they be delivered for service to the sheriff of the county where the party to be served resides. If the sheriff is unable to find such party after due diligence in his county, and he ascertains that such party has no usual place of abode with any family or person, and he is informed that such party has left the county to be absent traveling until after the ten days have expired, and he is unable to ascertain after such diligence where he could be found at any particular time within the ten days, so that service could be made upon him at that place, then he would be justified in returning that such party could not, after such diligence, be found within the state. But if he could ascertain with reasonable certainty where such party would be at some particular time within the period required, then an attempt, at least, should be made to serve at the time and place so ascertained. The deputy sheriff here seems to have been justified in coming to the contrary conclusion.

As this was a mere matter of notice after jurisdiction of the *res* had been acquired, there is another reason why *E. S.*

*Hoyt* should here be held bound. The claim upon which the judgment in the original action was recovered, was a partnership indebtedness due to the plaintiff from E. S. Hoyt & Co. *E. S. Hoyt* appeared by attorney in that action, and judgment was entered therein against both members of the firm as by default. The property sought to be reached by garnishment was assigned to the garnishee by the firm. The garnishee papers were properly served upon Kinney, the other member of the firm, in time. The firm was in fact notified of the garnishee proceedings, and had every opportunity to defend. The court having acquired jurisdiction of the *res*, a notice to one of the partners respecting the same was, in effect, a notice to the firm. Colly. Partn. §§ 441-444. Whether one partner is authorized to enter the appearance of his copartner so as to give jurisdiction, is a question upon which much discussion has been had and much diversity of opinion exists. *Haslet v. Street*, 2 McCord, 310, 13 Am. Dec. 724, and cases cited in *notes*. We refrain from any expression of opinion upon that subject, as we regard the question here presented as one of notice and not of jurisdiction. In *Bowen v. Hastings*, 47 Wis. 232, it was expressly held that a former decision of this court affirming an order overruling a demurrer to a complaint on the ground of insufficiency by one of several joint contractors who alone appealed to this court, was binding and conclusive upon the other defendants and joint contractors in all subsequent proceedings. That case was followed, and the same doctrine re-affirmed, in *Lauer v. Bandow*, 48 Wis. 638. No substantial reason has been presented for disturbing these adjudications. Moreover, it is, in effect, provided by statute that in an action against two or more " jointly indebted upon a contract," where only one of them is served with summons, judgment may be entered in form against all the defendants thus jointly indebted, and be enforced against the joint property of all and the

JANUARY TERM, 1887.                293

Winner vs. Hoyt, imp., and others, Garnishees, etc.

separate property of the defendant served. Subd. 1, sec. 2884, R. S. Under this statute, there could be no question but what the plaintiff might have taken such judgment in form against both the members of the firm upon service of summons upon Kinney alone, and then seized the firm property upon execution issued thereon. But, as stated, here both members of the firm appeared in the original action, so that jurisdiction *in personam* of the defendants was complete. An *alias* execution was issued thereon, and in aid of the same the garnishees and Kinney, one of the joint contractors and judgment debtors, were properly served. By such proceedings jurisdiction over the property and credits of the firm in the hands of the garnishees was secured. An attempt was also made in good faith to serve the garnishee papers upon the other partner, *E. S. Hoyt*, who was fully aware of the garnishee proceedings pending the litigation. To say that such firm property and credits were not thereby bound so far as to subject the same to the plaintiff's claim, and that the whole litigation and adjudication should become void and of no effect from the beginning, on the motion of *E. S. Hoyt*, would be a trifling with justice and the substance of things in order to exalt a mere technicality.

*By the Court.*— Both of the orders of the county court appealed from in this action are affirmed, and the cause is remanded for further proceedings according to law.