17707

Marilyn P. COLLINS, Respondent, v. Charles A. COLLINS, Robert Perry Collins, a minor under the age of fourteen (14) years, D. Reece Williams and J. Laurence McNeill, as Trustees for Charles A. Collins, of which Charles A. Collins is, Appellant.

(116 S. E. (2d) 839)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Murchison, West & Marshall,* of Camden, *for Respondent,*

November 2, 1960.

Moss, Justice.

This is an action brought in Kershaw County by Marilyn P. Collins, the respondent herein, to procure an absolute divorce and incidental relief from her husband, Charles A. Collins, the appellant herein, on the grounds of desertion and physical cruelty. Section 20-101(2) and (3) of the 1952 Code of Laws of South Carolina. The summons was served on the appellant by publication. Section 20-107 of the 1952 Code of Laws of South Carolina.

It appears from the record that the appellant appeared in this action on March 19, 1960, and filed a notice of motion, supported by various affidavits and exhibits to change the venue of this action from Kershaw County to Horry County, under the provisions of Section 20-106(a) of the 1952 Code of Laws, upon the ground that at the time of the commencement of the action he was a resident of Horry County and not Kershaw County. The appellant duly filed an answer to the complaint, reserving all of his rights under his motion to change the venue.

The motion to change the venue was heard by the Resident Judge of the Fifth Circuit and was refused. The learned Circuit Judge refused the motion for a change of venue based upon his construction of Section 20-106 of the 1952 Code. This appeal followed. Even though the appellant has filed twelve exceptions to the order of the trial Judge and has minimized these to three questions, the only issue before this Court is whether the trial Judge committed error in refusing the motion of the appellant for a change of venue from Kershaw County to Horry County.

Venue in divorce cases is fixed by Section 20-106 of the 1952 Code, as follows:

"Actions for divorce from the bonds of matrimony shall be tried in the county (a) in which the defendant resides at the time of the commencement of the action, (b) in which

the plaintiff resides if the defendant is a nonresident or after due diligence cannot be found or (c) in which the parties last resided together as husband and wife unless the plaintiff is a nonresident in which case it must be brought in the county in which the defendant resides."

The foregoing section was construed by the Circuit Court in the case of *Thomas v. Thomas,* 218 S. C. 235, 62 S. E. (2d) 307, 308, as follows:

"From a study of acts passed by other States governing and regulating the granting of divorce, it appears that where no specific provisions are contained therein providing for methods of process in divorce actions, normal methods of process are used which, in this State, would mean that divorce actions must be begun by the service of a Summons and Complaint upon a resident defendant in the county in which the defendant resides. However, our Legislature has seen fit to modify the normal methods of process where divorce actions are concerned to the extent that they have provided three methods of process which may be used in this State in cases involving divorce. They are as follows: (1) In cases where the defendant is a resident of South Carolina the plaintiff may bring his or her action; (a) In the county in which the defendant resides at the time of the commencement of the action; or, (b) In the county in which the parties last resided together as husband and wife; (2) In the case of a nonresident defendant, or where the defendant cannot be found after due diligence, the action may be brought in the county where the plaintiff resides."

This Court, in an Opinion by Justice Oxner, affirming what was said by Circuit Judge T. B. Greneker, above quoted, said:

"It is my view that the case should be affirmed upon the ground and for the reasons stated in the order of Judge Greneker. * * *"

"* * * There would have been no purpose in the insertion of Section 4 of the divorce statute, 46 St. at L., 216 (now

Section 20-106 of the Code), unless the Legislature intended to make special provisions in actions for divorce. * * *"

It appears that the respondent and the appellant were married on September 1, 1957 and lived together as husband and wife until September 23, 1958. At the time of the separation, the appellant was a student at the University of Georgia, Athens, Georgia. The respondent left the appellant because of his abusive and ill treatment of her. She returned to the home of her mother in Kershaw County and has lived there since such separation. A child was born of the marriage after the separation. In Kershaw County the appellant was tried and convicted for failure to support his wife and child, in violation of Section 20-303 of the 1952 Code. We affirmed this conviction. *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270. Certiorari to the United States Supreme Court was denied. 361 U. S. 895, 80 S. Ct. 199, 4 L. Ed. (2d) 152.

Prior to the indictment of the appellant in Kershaw County on a charge of nonsupport, the respondent had instituted an action for divorce and incidental relief in "The Juvenile, Domestic Relations and Special Court of Kershaw County." The appellant moved to change the venue of such action to Horry County. The judge of such court did, on September 22, 1958, dismiss said action without prejudice to the respondent "to bring an action for divorce in Horry County or to file such other actions as she may be advised." Thereafter, another action was begun by the respondent on December 23, 1958, seeking separate maintenance and support for herself and the minor child. This action was brought in the Kershaw County Court. The appellant objected to the jurisdiction and filed a motion for a change of venue. This action terminated in a voluntary nonsuit being entered.

In November, 1959, the respondent instituted an action for divorce against the appellant in the Court of Common Pleas for Horry County. It appears that on November 26, 1959, the summons, complaint and notice in said action were delivered to one Enoch Smith, a deputy sheriff of Horry

County, for service upon the appellant. It appears by affidavit of this officer, dated January 4, 1960, that he attempted to serve these papers upon Charles A. Collins personally "but was unable to locate him within the bounds of Horry County despite due diligence on my part. I also made many inquiries and was unable to locate him anywhere within the bounds of the County. I attempted, likewise, to determine his whereabouts from his parents, but was not able to find out where he was." This officer further avers that he attempted to serve the appellant by leaving a copy of the papers with his mother, Mrs. W. A. Collins, at her residence at Myrtle Beach, South Carolina, on December 12, 1959. He further states in his affidavit "I still have been unable to locate Mr. Charles A. Collins personally and I do not believe that he is presently in Horry County."

The appellant moved to set aside the service of the notice, summons and complaint in the Horry County action, on the ground that the service was ineffectual. This motion was supported by an affidavit of W. A. Collins, the father of the appellant, that he was not living in the family residence at Myrtle Beach, South Carolina, and had not been there since the papers were left. Based upon the showing made, the respondent consented to an order of dismissal of the action on the ground that the service of the summons and complaint was ineffectual. This order of dismissal was dated February 10, 1960. The present action was instituted on February 12, 1960, in Kershaw County. The motion for a change of venue in the instant case was supported by an affidavit of the appellant wherein he asserts that he has been a resident of Horry County since he was a small boy, and that he is now a student in Athens, Georgia, where he is attending the University of Georgia. He asserts that from August, 1959, that he was temporarily employed for three months in Greenville, South Carolina, and for about six weeks in Greenville, North Carolina; and that on January 5, 1960, he resumed his studies at the University of Georgia. The motion is also supported by an affidavit made by the registrar of

the University of Georgia, asserting that the appellant is registered as a nonresident student and his registration shows him to be from Myrtle Beach, South Carolina. The appellant also submits an affidavit of the minister of the First Presbyterian Church of Myrtle Beach, South Carolina, showing that he is a member of such church, and that the appellant "regularly attended the church while at his home in Myrtle Beach, and that since his going off to school and being away at work, he has regularly attended the church on his visits to his home." The appellant also asserts that there was issued to him on April 18, 1960, a registration certificate by the Board of Registration of Horry County, that shows that he is a qualified elector thereof. We point out in connection with this certificate that it was issued after the institution of this action.

The appellant contends that he is a resident of Horry County, South Carolina, and that this action for a divorce should be tried in such county, pursuant to Section 20-106(a) of the 1952 Code. The respondent contends that the action should be tried in Kershaw County where she resides, under Section 20-106(b) of the 1952 Code, for the reason that the appellant "after due diligence cannot be found" in Horry County.

It appears without question that the respondent, in the Horry County action, had the summons, complaint and notice delivered to the office of the Sheriff of said county for service upon the appellant, pursuant to Section 10-404 of the 1952 Code. A deputy sheriff of said county made an effort to serve such summons, complaint and notice upon the appellant but was unable to do so because he was unable to locate him within the bounds of the said Horry County, despite using due diligence so to do. He asserts that he "made many inquiries" and was unable to locate the appellant anywhere within Horry County. He avers that he tried to determine the appellant's whereabouts from his parents but was not able to do so. We think that due diligence was used by the respondent, through the deputy sheriff

of Horry County, to find the appellant within said county and to serve him with the summons, complaint and notice. Apparently, the deputy sheriff attempted to comply with Section 10-438 of the 1952 Code, by serving the mother of the appellant at her residence in Myrtle Beach, South Carolina. However, the appellant successfully moved to dismiss the action on the ground that such service was ineffectual to give the court jurisdiction of him.

The term "due diligence", as is used in Section 20-106 of the 1952 Code, means some attempt to find the party, in the county of his alleged residence, which the court or judge shall be satisified is reasonable under the circumstances. Cf. *Bixby v. Smith,* 49 How. Prac., N. Y., 50. In the case of *Winner v. Hoyt,* 68 Wis. 278, 32 N. W. 128, it was held that a statute requiring the sheriff to make due diligence to effect the service of the process on the designated party does not require the utmost diligence to make such service, or intend that he shall do more than exercise due, appropriate, fit and proper diligence; that is, ordinary diligence. In the case of *Cone v. Ballard,* 68 S. D. 593, 5 N. W. (2d) 46, it was held that to constitute due diligence in locating a defendant, for the purpose of serving process upon him, it is not necessary that all possible or feasible means should be used, but on the contrary only all reasonable means must have been used. It was also held that continuing surveillance of the home of the defendant for fifty days following commencement of the action, and inquiry of lodgers found in the home, employees of the defendant, neighbors and other logical sources of information, constituted "due diligence" in an effort to locate the defendant in order to serve a process upon him. Since the statute, Section 20-106(b) of the Code, provides that if after due diligence the defendant cannot be found, then the respondent has the right to bring a divorce action in the county of her residence. Since the evidence in this case is conclusive that an effort was made to locate the appellant in the county of his alleged residence, and being unable to do so, we think that under the peculiar facts of

this case, that the respondent had the right to bring this action in Kershaw County, South Carolina. We likewise think that the court was correct in refusing the motion of the appellant for a change of venue.

The exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.