SCHUERMAN, Appellant, vs. FOSTER, Garnishee, Respondent.

*May 3 — May 24, 1892.*

*Garnishment: Pleading.*

1. One M. paid to F. money for the rent of land leased by *F. M. H.* to
   said M., under an agreement that F. should hold the money as
   trustee and in a certain contingency should repay it to M. The event
   happened which entitled M. to have the money repaid to him, but,
   there being a controversy on the subject, F. paid the money to one
   *D. H.*, taking a bond of indemnity. F. testified that he told M. that
   if the money was paid to *H.*, M. could still sue F. for it, and that M.
   said "Then pay it over." In garnishment proceedings against F.,
   *held*, that his liability to M. still existed.
2. To be available as a defense, a prior garnishment must be pleaded.

   APPEAL from the Circuit Court for *Fond du Lac* County.
   Garnishment in aid of an execution upon a judgment in
favor of plaintiff against one Horatio G. Mathews, upon
which judgment over $4,000 was due in April, 1890, when
the garnishee summons was served.   The answer was a de-

nial of all liability under the statute, upon which plaintiff took issue. It appeared upon the trial that on the 1st of April, 1886, the garnishee received from H. G. Mathews $326.74, and gave him the following receipt therefor, which expresses the arrangement under which he received the money:

"BRANDON, April 1, 1886.

"Received of H. G. Mathews three hundred and twenty-six 74-100 dollars, being in full for rent of lands rented by F. M. Hillman to H. G. Mathews for one year. It is understood I am to hold this money as trustee, and in case said H. G. Mathews shall, upon foreclosure of Geo. L. Field's mortgage, purchase said lands, this money is to be paid to said Mathews.          F. R. FOSTER."

The lands named in the receipt consisted of a farm, title to which was at that time in F. M. Hillman, under a deed to him from H. G. Mathews, and the farm was subject to a mortgage to one Field. This mortgage was foreclosed, and the farm sold April 4, 1887. It was bid off in the name of one Mead, but it appears by the findings and judgment entered in the creditor's action of *Schuerman v. Mathews* that it was in fact purchased by H. G. Mathews. The record of this action was introduced in evidence, and it appears that it was there decided that the transfer of the farm from Mathews to F. M. Hillman was fraudulent as to this plaintiff. This action is reported at length in 78 Wis. 309.

After the foreclosure sale there appears to have been some controversy as to who was entitled to the money, and *Foster* finally turned it over to D. Hillman, taking the following receipt or contract:

"Received of *F. R. Foster* $326.74 as payment in full for a certain deposit paid to said *Foster* by H. G. Mathews, April 1, 1886, as payment for rent of certain lands owned by F. M. Hillman. Said *Foster* gave H. G. Mathews a conditional

receipt for said money, and, it not being definitely settled at present who this money belonged to, 'said Hillman or said Mathews,' in consideration of this payment to the undersigned he agrees to guaranty said *Foster* against all loss of every character in consequence of said payment of said deposit to him.                              D. HILLMAN.

"Dated at Brandon, August 24, 1887."

*Foster's* testimony as to this payment was uncontradicted, and was as follows: "I can't say that Mathews ever consented to my payment of it, but I told him this: That if I paid it to Mathews or to Hillman there was the indemnifying bond. He could still sue me for it if he wished to. He [H. G. Mathews] said to that, 'Then pay it over.'"

The court found that *Foster* was not liable as garnishee, and rendered judgment against the plaintiff, from which he appeals.

*Edward S. Bragg,* for the appellant.

*N. C. Giffin,* for the respondent.

WINSLOW, J. We think it clear that the plaintiff should have had judgment. *Foster* agreed to pay the money to Mathews in case Mathews bought the farm upon the foreclosure. Mathews did in fact buy the farm, and consequently the event happened which entitled him to the money. But it is said that Mathews consented that the money be paid to Hillman, and that Foster should be protected in that payment in the absence of evidence showing that he knew of or participated in any fraud. There are two answers to this objection: *First.* Mathews' consent was simply, "Then pay it over." It is manifest that, in the absence of explanation (and there is no explanation), this must be construed, pay it over to *F. M.* Hillman, he being the party entitled to the money, if Mathews was not. This was no warrant to pay the money to D. Hillman, a

third person, to whom *Foster* in fact paid it. *Second.* Mathews' consent was based upon *Foster's* statement that he (Mathews) could still sue him (*Foster*) for it if he wished to. This amounts to an agreement that Mathews' rights of action against *Foster* should remain unimpaired notwithstanding the payment to another, and that *Foster* should rely for his protection solely on the indemnifying contract. No reason is perceived why such an agreement should not be effectual, and preserve Mathews' right of action for the money against *Foster.* We conclude that Mathews had a good cause of action against *Foster* for the money in question at the time this garnishee action was commenced.

The garnishee attempted to prove at the trial that he had been previously garnished by one Sheldon, another creditor of Mathews. This was objected to by the plaintiff, because no defense of prior garnishee had been pleaded. The objection was well taken, and should have been sustained. Such a defense must be affirmatively pleaded. Drake, Attachm. (6th ed.), § 630*a*, and cases cited. The same principle is laid down in *Adams v. Filer,* 7 Wis. 306–323.

*By the Court.*— Judgment reversed, and cause remanded with directions to render judgment for plaintiff in accordance with this opinion.