## Case No. 7,001.

### IDE v. PHOENIX INS. CO.

[2 Biss. 333;[1] 2 Chi. Leg. News, 310.]

Circuit Court, S. D. Illinois. June Term, 1870.

WAIVER OF CLAUSE IN POLICY — RECEIPT OF THE PREMIUM.

1. A local agent of an insurance company may bind the company to waiver of the clause in the policy requiring formal proof of loss and barring suits not brought in one year. Statements that the proofs were "all right," and that the company would pay, amount to such waiver.

[Cited in Thompson v. Phenix Ins. Co., 136 U. S. 299, 10 Sup. Ct. 1023.]

2. Receipt of the premium by the agent binds the company, though the agent convert it, and a policy is never actually issued.

In equity.

The complainant, in the fall of 1863, applied to John W. Lathrop, the local agent of the defendant at Jacksonville, Ill., for insurance to the amount of one thousand dollars, for the term of three years, upon his dwelling house in Morgan county. The agent, who was personally familiar with the property proposed to be insured, offered to insure it for that period for the sum of $13.50. Ide accepted the offer, and immediately paid in cash to the said agent the sum of $13.50 for said insurance; Lathrop, who was a dry goods merchant, and then very busy in his store, received the money, and entered it in his cash insurance record or book; but, alleging that he was then very busy, asked and prevailed on Ide to call at a later date to get his policy. Ide frequently, during the next few months, called in person or by agent at the store of the insurance agent to get his policy, but failed to do so on account of the absence of the agent, or his pressing engagements, or for other alleged immaterial reasons; Ide soon after temporarily removed to the state of New York, leaving the insured house in the possession of a tenant, which fact was well known to the agent of the insurance company. In the fall of 1864 the house was burned by accidental fire, not within any of the exceptions of the policies of the defendant company, which neither before or after the loss ever issued a policy to

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

said Ide. Lathrop never remitted the insurance premium to the Phoenix Company, but converted it to his own use. Ide gave prompt notice of his loss to Lathrop, at Jacksonville, who, after making inquiries, or professing to have made them, said that he was satisfied that the loss was all right, and no formal written proofs of loss were ever made or required. It further appeared by the depositions of Ide and three other witnesses, that Lathrop constantly professed himself satisfied with the proofs of the loss, promised payment of it to the complainant or his agents on different occasions, from the fall of 1864 to September, 1866, and constantly assured the complainant, and third persons, that Ide's loss was "all right," and would soon be paid. He also told Ide that the policy had been made out by him before the loss, but had been mislaid or lost, and that he had remitted the premium to the company, notified them of the loss, and that it was all right. In September, 1866, Lathrop finally notified Ide that the company would not pay the loss, nor do anything whatever. At the March term, 1869, of the Morgan county circuit court, Ide filed his bill against the defendant, setting up the foregoing facts, praying for an interlocutory decree for the execution of a policy of insurance to him, and a final decree that the company pay the loss, interest, and costs. The defendant obtained a removal of the case to this court.

H. D. Atkins and Gen. McClernard, for complainant, cited Tayloe v. Merchants' Ins. Co., 9 How. [50 U. S.] 390, and cases there referred to.

H. E. Dummer and B. S. Edwards, for defendant.

TREAT, District Judge. Although the policies of the Phoenix Insurance Company all contain provisions requiring written and formal proofs of loss within thirty days thereafter, and barring all suits for losses not brought within one year after the happening of the losses, the agent of the company has sufficient authority to waive these formalities of proofs, and bind the company thereby; and the acts of Lathrop in this case amount to such a waiver. His acts and assurances in regard to the payment of the loss are also sufficient to bind the defendant, and to waive the clause barring suits not brought within one year after the loss.

The parol contract for insurance upon the complainant's house was valid, and could be enforced without a policy. The receipt of the premium by the authorized local agent of the company is a receipt by the company, and a failure to issue a policy after the payment of the premium cannot be taken advantage of by the company in a court of equity.

A decree will therefore be entered in favor of the complainant that the defendant pay

to him within thirty days the amount of the policy contracted for, interest, and costs of suit.

NOTE. The condition that no action shall be brought on the policy after a year from the time the right of action shall have accrued is not binding where the insurers caused the delay by holding out hopes of a settlement (Grant v. Lexington F., L. & M. Ins. Co., 5 Ind. 23; Coursin v. Pennsylvania Ins. Co., 46 Pa. St. 323); or by promising payment after the expiration of the year (Ames v. New York Ins. Co., 14 N. Y. 253). Consult, also, Curtis v. Home Ins. Co. [Case No. 3,503]. Certain acts held not sufficient to constitute a waiver of proofs of loss. Smith v. Haverhill Mut. Fire Ins. Co., 1 Allen, 297; Boyle v. North Carolina Mut. Ins. Co., 7 Jones (N. C.) 373.

━━━━━

IDE (TUTT v.). See Cases Nos. 14.275a and 14,275b.

IDELL (UNITED STATES v.). See Case No. 15,436.

IGINIA, The (MULLER v.). See Case No. 9,-917.

IGLEHART (BANK OF CIRCLEVILLE v.). See Case No. 860.

IHMSEN (McLEAN v.). See Case No. 8,882.

ILEX, The (PAUL v.). See Case No. 10,842.

━━━━━

## Case No. 7,002.

### The ILLINOIS.

[5 Blatchf. 256; [1] 2 Int. Rev. Rec. 77.]

Circuit Court, S. D. New York. Sept. 8, 1865.

━━━━━

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]