## WILSON, Appellant, vs. GROELLE, Respondent.

*November 15 — December 6, 1892.*

*Agency: Sale of chattels: Notice not to pay agent: Garnishment of purchaser: Court and jury: Waiver of right to pay in chattels.*

1. If an agent sells goods of his principal in his own name, the principal may notify the purchaser not to pay the agent; and payment to the agent after such notice will not bind the principal.
2. If, after such notice, the purchaser is summoned as garnishee of the agent, and fails to interpose as a defense the claim of the principal or to notify the latter of the proceeding, a judgment against him as such garnishee is no protection as against the claim of the principal.
3. Where the uncontradicted evidence showed that the purchaser had notice of the rights of the principal before such garnishment, it was error to leave the question of notice to the jury.
4. Where, by admitting a money indebtedness in the garnishment proceeding, the purchaser waived his right to pay the agent in hay, he cannot afterwards assert such right as against the principal.

APPEAL from the Circuit Court for *Clark* County.

This action was brought to recover $400 for a car load of flour, alleged to have been sold and delivered by the plaint-

iff to the defendant, and the answer was a general denial, and upon trial before a jury the defendant had a verdict and judgment, from which the plaintiff appealed.

On behalf of the plaintiff it was claimed, and evidence was given tending to support the claim, that the flour was sold to defendant by one S. E. Rolph, as his agent, under an arrangement with him proposed by letter from the latter, by which he was to sell flour and feed, etc., for the plaintiff on credit, the latter to make prices to him; and he would go out, take orders, and sell, and have what he could get above such prices for his profit, and he to stand twenty-five per cent. of the losses, if any; the plaintiff to have the right to refuse to ship any order Rolph might take, if, on looking the purchaser up, he did not find him properly rated; the plaintiff to have the right to continue to make sales on the same route, for which Rolph was to have no credit.   That the plaintiff sent to Rolph a car of flour, etc., at Unity, Wis., amounting to $517, and a few days after plaintiff was notified that it had arrived there, and was unclaimed, when his manager proceeded to that place, and found that Rolph had directed the goods to be delivered to the defendant, whom he then saw, and learned he had shipped Rolph hay amounting to $115, and there was a balance due on the car of about $400, which he was not then able to pay, but would, in the course of two or three weeks, and, finding the defendant responsible, he returned home. Within about two weeks after, the plaintiff notified defendant in writing that the flour, etc., had not been paid for by Rolph, and directed him not to remit the latter anything on account of it.

The defendant distinctly admitted in his testimony that in one way he understood the plaintiff in his interview with him claimed that he owned the flour and feed, and that he should pay him, but he did not owe it to him.   " He said he owned the flour and feed;" that plaintiff " asked him if

the flour was paid for, and he told him all that was paid for is three car loads of hay, and showed him the amount." He claimed his business was with Rolph and not with the plaintiff; and claimed that the plaintiff would have to collect the money from Rolph, and Rolph from him. The defendant denied that he had anything to do with the plaintiff in the purchase, or that he had any knowledge that the plaintiff had any interest in it when he made the purchase, but supposed the property belonged to Rolph and dealt with him accordingly; and claimed that the flour, etc., had been sold by plaintiff to Rolph on thirty days' time, and was not shipped under the arrangement above stated; that he bought the flour, etc., with an agreement with Rolph that it should be paid for in hay; and testimony was produced tending to support this claim. It appeared from the defendant's testimony that he had been notified by the plaintiff of his claim of ownership of the flour, and that Rolph had acted in relation to it only as his agent; and plaintiff said that he thought he would have to lose the amount already paid on the purchase in hay; but defendant denied that he had promised to pay the plaintiff the balance, and said he told plaintiff he would "try his best what he could do, and get the money back." The evidence was somewhat conflicting as to whether Rolph, in the transaction in question, was acting as plaintiff's agent, or whether the flour, etc., had been sold and shipped to Rolph, so that he became the owner.

The court, against plaintiff's objection, allowed the defendant to put in evidence the proceedings in a garnishee proceeding in which Kennedy et al. were plaintiffs against said Rolph as debtor and the defendant in this action as garnishee, in which service was made about a week after the plaintiff had given notice to the defendant as stated. In the garnishee proceeding, *Groelle*, the defendant in this action, answered, admitting his indebtedness to Rolph,

when served, in the sum of $103.05 for balance on car load
of flour sold by Rolph to him, and that the same was then
due, over and above all setoffs, without setting up the fact
of plaintiff's claim to the indebtedness; and judgment was
rendered against him accordingly, which he afterwards
paid. The plaintiff, *Wilson*, had no notice of the garnishee
proceeding until afterwards. The defendant testified that
he told *Wilson*, when at Unity, that the biggest part of the
price for the flour had been paid, and did not tell him only
$110 was paid.

When the plaintiff had rested, the defendant moved for a
nonsuit, which was denied, and at the close of the testimony
he moved the court to direct a verdict for the defendant,
for the reason that the defendant was to pay for the flour
in hay, and there was no proof of a demand for the hay;
but the court denied the request. The circuit judge charged
the jury, among other things, that, "if Rolph was an agent
of the plaintiff in the sale of these goods, then the plaintiff
had a right to notify the defendant, and afterwards sue
him just as he has done; and has a right to recover in this
action whatever balance was due from the defendant to
Rolph at the time when notice came to him that the plaint-
iff claimed the money." "If he was not the agent, but the
credit was given to him,— the goods were sold absolutely
to him, and that this transaction was his purely, then the
plaintiff cannot recover at all." "The evidence tends to
show that the agreement for the purchase of flour was con-
ditioned upon the right to pay for it entirely in hay, and I
suppose the defendant, if that was in contemplation, would
have a right to apply all the hay that he had shipped to him
there on this contract." That, if they found "it was a case
of agency, then you will have to inquire further if notice
was given, as the plaintiff claims." "If the defendant did
not actually have notice till after this garnishment proceed-
ing was ended, then the plaintiff would not be entitled to

recover the balance which was recovered in garnishment. If there was anything left that was not paid on that garnishment of the claim, then the plaintiff would now be entitled to recover it." A motion for new trial was denied.

The cause was submitted for the appellant on the brief of *C. A. Youmans* and *James O'Neill*, and for the respondent on that of *Sturdevant & Sturdevant*.

Pinney, J. 1. We think, in view of all the evidence, a more particular statement of which would serve no useful purpose, that the court properly submitted it to the jury whether in the sale of the flour, etc., Rolph was an agent of the plaintiff, or whether the credit was given to Rolph and the flour was sold to him; that in the latter case the plaintiff could not recover at all, but that in the former case he had a right to notify the defendant, and maintain his action to recover the balance due from the defendant for the flour at the time he received notice of the plaintiff's rights. If an agent sells goods of his principal, but in his own name, the principal may interpose before payment, and forbid it to be made to his agent; and a payment after such notice will not bind the principal. The principal's right to bring an action for unpaid balance of purchase price takes precedence of the right of the agent; and where he gives notice of his rights to the other party, and demands performance to himself, he may cut off the agent's right to sue, unless the agent has a lien upon the subject matter, equal to or greater than the claim of the principal. Mechem Ag. § 772; *Huntington v. Knox*, 7 Cush. 371. And if the principal would avail himself of such contract he must assume its responsibilities and take it as it exists, subject to all the rights which the other party possesses as against the agent. *Ex parte Dixon*, 19 Eng. (Moak), 724; *Semenza v. Brinsley*, 18 C. B. (N. S.), 467.

2. The uncontradicted evidence shows that the defendant

received notice of whatever rights the plaintiff had as principal in the sale on the 22d day of May. The testimony of the plaintiff, above quoted, puts this beyond question. If, then, the plaintiff's claim that Rolph was dealing with the flour as his agent, and was not the owner of it, was well founded, he had an undoubted right to recover the balance then due, and the record of the proceedings in the garnishee suit of Kennedy et al. against Rolph as debtor and the defendant, *Groelle*, as garnishee, to which proceedings the plaintiff was in no sense a party, and of which he had no notice before judgment therein, ought not to have been admitted in evidence.

3. The garnishee proceedings were instituted seven days after the defendant received notice of the plaintiff's rights. In this proceeding there does not appear to have been any service made on Rolph, the principal defendant; and the garnishee, the present defendant, not only wholly failed to interpose as a defense the claim set up by the plaintiff, but he took no steps to notify him of the pendency of the proceeding, or to afford him an opportunity to defend his title. He plainly did not act in good faith, as the law required he should, in order that the judgment rendered should afford him any protection as against the claim asserted against him for the same indebtedness in this action. *Adams v. Filer*, 7 Wis. 306; *Winner v. Hoyt*, 68 Wis. 286.

4. As the uncontradicted evidence showed that the defendant had notice of the plaintiff's rights before the garnishee suit was commenced, it was error to leave the question of notice to the jury, and to instruct them that, if the defendant did not actually have notice until after the garnishment proceeding was ended, then the plaintiff would not be entitled to recover the balance recovered on the garnishment, but might recover anything left, not paid on that garnishment. This left the jury to give full effect to the garnishment proceedings, of which the defendant had not given him any notice, and in which he did not inter-

pose the plaintiff's claim, although he had notice of the plaintiff's rights a week before these proceedings were instituted. The plaintiff was entitled to an absolute instruction to the jury that if, in the sale of the flour, etc., Rolph was the plaintiff's agent, he was entitled to recover of the defendant what remained due on the sale of the flour on the 22d day of May, when he received notice of the plaintiff's rights.

5. The point that the plaintiff could not recover because the defendant, by the terms of the sale, had a right to make payment in hay, and there was no proof of a previous demand for the hay, is not well taken. The defendant might, as he did, when garnished, waive the right to make payment in hay, and elect to treat it as a money demand, by swearing to it as such in his answer to the garnishee suit. Having once waived the right to pay in hay, he cannot be now allowed, in the face of his solemn admission that it was due in money, to insist on the contrary in this subsequent action.

For the reasons above stated, the judgment of the circuit court is erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.