# CASES DETERMINED

## January Term, 1893.

---

JOHN R. DAVIS LUMBER COMPANY, Appellant, vs. THE
FIRST NATIONAL BANK OF MILWAUKEE, Garnishee, Respondent.

*December 6, 1892 — January 10, 1893.*

*Garnishment: Pleading: Transfer of property.*

When a garnishee knows of an assignment or transfer of the property
in his hands he should disclose the fact in his answer; and if after
answering he learns of such a transfer in time to apply for leave
to amend, he should do so,— otherwise he cannot, on the trial, give
evidence of such transfer.

APPEAL from the Superior Court of *Milwaukee* County.
Garnishment. Appellant sued one Dockery in justice's
court, and garnished the respondent bank. The bank answered, first denying that it was indebted to or had any
property of Dockery in its possession, and further alleging
that at the time of the garnishment it had in its possession
a certified check, as follows:

"Phillips, Wis., July 23, 1891.
"*The National Exchange Bank of Milwaukee, Wis.:*
Pay to the order of Thos. H. Gill ($150.00) one hundred
and fifty dollars. JOHN R. DAVIS LUMBER COMPANY.
"By B. W. DAVIS, Sec.
"Certified: F. KASTEN, Assistant Cashier."
Indorsed: "Pay to *First National Bank*, Milwaukee,
for use of Michael Dockery. THOS. H. GILL."

The answer substantially alleged that the check was in fact owned by the Ashland National Bank by virtue of transfers of the claim represented thereby from Dockery. Issue was taken on the answer, and from judgment in favor of the garnishee the plaintiff appealed to the superior court, where, upon trial, a verdict in favor of the garnishee was directed. From judgment thereon plaintiff appeals.

*Adolph Huebschmann*, for the appellant.

For the respondent there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.*

WINSLOW, J. The garnishee by its answer set up substantially that the check in its possession was the property of the Ashland National Bank by purchase through an intermediate purchaser from Dockery. Upon the trial the garnishee was allowed to prove that Dockery had assigned the claim represented by the check to one Mrs. O'Brien before the garnishment. Seasonable objection was taken to the introduction of this evidence because no such defense was set up in the answer, and the question presented is whether this evidence was admissible under the pleadings.

Our statutes seem certainly to contemplate that the garnishee shall set forth in his answer any claim which third persons to his knowledge may have upon the property in his hands (S. & B. Ann. Stats. secs. 3721–3723b; Id. sec. 2760, subd. 5); the policy being, apparently, to bring all the conflicting claims, as well as the parties making such claims, before the court, in order that all questions as to the ownership of the specific property in question may be settled in one proceeding.

In harmony with this evident purpose of the statutes, it has been held by this court that it is the duty of the garnishee in his answer to make full and fair disclosures of all facts and circumstances concerning the property in his hands. *Lusk v. Galloway*, 52 Wis. 164.

John R. Davis Lumber Co. vs. First National Bank of Milwaukee.

It is obvious that were a garnishee allowed by answer to set up a transfer of the property to one person, and upon the trial prove a transfer to an entirely different person, the plaintiff might be totally unprepared to meet the claim so made. He might thus be defeated through surprise, though, had he been seasonably informed of the claim, he might perhaps have successfully met it upon the trial. Fairness and good faith require that, when the garnishee knows of an assignment or transfer of the property in his hands, he should disclose the fact in his answer; and such seems to be the current of the authorities. *Coleman v. Scott*, 27 Neb. 77, and cases cited. It has been held by this court that the defense of prior garnishment must be pleaded in order to admit such fact in evidence, and the principle is the same. *Schuerman v. Foster*, 82 Wis. 319. If it was the garnishee's duty to plead the transfer, he was certainly not entitled to give evidence of it without pleading.

It was said that the bank did not know of the transfer to Mrs. O'Brien at the time the answer was made, and so should be excused from pleading it. The record shows that a deposition was taken by the garnishee while the action was pending in the justice's court, which disclosed the alleged assignment to Mrs. O'Brien. The garnishee had ample time, therefore, to apply for leave to amend its answer before going to trial, and should have done so. 2 Wade, Attach. § 371.

Other errors are alleged, but we shall not discuss them. For error in the admission of the evidence of the transfer to Mrs. O'Brien there must be a new trial.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.