Two Rivers Mfg. Co. vs. Day and another.

Two Rivers Manufacturing Company, Appellant, vs. Day and another, Respondents.

*February 3 — February 21, 1899.*

*Estoppel: Disclaimer of title to land: Record.*

1. The plaintiff corporation, being the owner of pine lands, was applied to by defendants to fix a price on certain tracts, including the tract in suit. It gave a price on the other lands, but stated positively to defendants that it did not own the tract in suit. It knew, at the time, that defendants were logging all the pine lands they could profitably purchase in that vicinity and were constantly in the market to buy such lands, and that one B. claimed to own the tract in question under a tax deed and had offered it for sale to others. Relying on plaintiff's disclaimer, defendants bought the tract from B. *Held,* that plaintiff was estopped from asserting its title as original owner of the tract, even though it believed, when it made the disclaimer, that B.'s tax title was valid.

2. The fact that the state of the title was apparent from the record did not prevent an estoppel, the positive disclaimer by plaintiff having been such as to encourage and mislead defendants into expenditure upon the bad or doubtful title. *Gove v. White,* 20 Wis. 425, and *Kingman v. Graham,* 51 Wis. 232, distinguished.

Appeal from a judgment of the circuit court for Oneida county: Chas. V. Bardeen, Circuit Judge. *Affirmed.*

This is an action of ejectment for eighty acres of pine land, with damages for pine timber cut and removed therefrom by the defendants. The action was tried by the court, trial by jury being waived. There was little dispute as to the facts. The plaintiff owns considerable pine land in Forest county, Wisconsin, and was the original owner of the land in suit. For some reason the plaintiff failed to pay the taxes for 1884 upon this parcel of land, but did pay the taxes for the succeeding years, until 1892. One Beyer, of Oconto, took a tax deed upon the land for the tax of 1884, but this tax deed was void by reason of defects in the proceedings, and, through the failure to properly enter the seal upon the record in the register's office, the defects were not cured by

the statute of limitations. The defendants purchased the land of Beyer in October, 1894, for $1,600, and thereafter cut and removed pine timber from the land to the amount of $1,477.56. The defendants, by answer, alleged that the plaintiff, before they purchased of Beyer, and knowing that such purchase was contemplated, represented to the defendants that it did not own said land, and that the defendants purchased said land of Beyer relying on such representation.

The court found, among other things, the facts as to the original ownership of the land by the plaintiff and the issuance of the tax deed to Beyer; and, further, that the defendants have been engaged for ten years in manufacturing and selling lumber at Rhinelander, and in cutting and hauling logs near that city, and in the vicinity of Cavour, Forest county, and during all that time have been in the market for the purchase of standing pine timber in that region, for use in their said business, which facts the plaintiff knew after July 15, 1891; that from July 15, 1891, to October, 1894, the plaintiff was in the market selling standing pine timber in the vicinity of Cavour, where it owned large tracts of timber, and was offering the same to the defendants, including the land in question; that the plaintiff, by letter, made an offer to the defendants, July 15, 1891, to sell a large quantity of pine land in this vicinity, including the eighty-acre tract in question, and that during 1891 and 1892 there was correspondence between the parties concerning the purchase and sale of said land, and also other lands in the same vicinity, but that none of the list were sold, owing to failure to agree upon prices, although $3,000 worth of land near by was sold; that further correspondence took place between the parties during 1892 and 1893 with regard to the purchase by the defendants of timber in this vicinity, from which it clearly appeared that the defendants were desirous of buying all that they reasonably could buy in the vicinity of Cavour; that on the 19th of April, 1894, in a letter, the de-

fendants again asked the plaintiff about the Cavour lands, meaning those described in the list of July 15, 1891, and say: "If you would make us a price on the Cavour lands which would allow us to handle it, we would buy it, and log it the coming winter;" that, in reply to this, the plaintiff wrote, on the same day, that it still owned the lands in the list of July 15th, and offered to sell the same for $15,500, except that at the foot of the letter there was the following sentence: "The east half of the southwest quarter of section 27 we do not own." This is the description of the land in controversy in this action. Further correspondence was had between the parties after this, but the lands were not bought, and the disclaimer of ownership of the tract in question in this suit was never withdrawn or afterwards referred to.

The court further found that in the fall of 1892 the plaintiff knew that Beyer was offering to sell the tract of land in question to one Weed, and in consequence of this knowledge obtained advice as to the validity of Beyer's tax title, and was advised that the statute of limitations had run upon it and made it a good title, which advice the plaintiff accepted, and made the disclaimer of title, believing such to be the fact; that prior to April 19, 1894, Beyer offered the land for sale to the defendants, and the defendants purchased it of Beyer; that the plaintiff's disclaimer of ownership was deliberately and knowingly made, with intent that it should be believed by the defendants to be true and that they should act accordingly, and that said disclaimer was reasonably calculated to induce a person of ordinary intelligence and prudence, in the defendants' situation, to believe it to be true, and to act thereon without further inquiry, and to purchase the land from Beyer; and that such purchase was made from Beyer relying upon the plaintiff's disclaimer as true, and believing that Beyer was the true owner; and that the defendants would not have purchased of Beyer but for said disclaimer by the plaintiff and their belief in its truth.

Two Rivers Mfg. Co. vs. Day and another.

Further findings were made as to the amount of timber cut by the defendants, and as to the invalidity of the tax deed, and the court concluded that the plaintiff was estopped by its acts to deny the defendants' ownership, and dismissed the complaint; whereupon the plaintiff appealed.

*A. W. Shelton,* for the appellant, to the point that the representations made in this case do not constitute an estoppel, cited *Meisel v. Welles,* 107 Mich. 453; *Pickard v. Sears,* 6 Adol. & El. 469; *Freeman v. Cooke,* 2 Exch. 654; *Kingman v. Graham,* 51 Wis. 232; *Brant v. Virginia C. & I. Co.* 93 U. S. 326; *Anderson v. Coburn,* 27 Wis. 558; *Gove v. White,* 20 Wis. 425; *Proctor v. Putnam M. Co.* 137 Mass. 159; 3 Washb. Real Prop. (4th ed.), 80; *Brown v. Cohn,* 95 Wis. 90.

For the respondents there was a brief by *H. O. Fairchild,* of counsel, and oral argument by *B. L. Parker.*

WINSLOW, J. The only question in the case is whether the facts estop the plaintiff from asserting its title to the land in question. When, in April, 1894, the defendants applied to plaintiff to fix a price upon the Cavour pine lands, including the eighty acres in controversy, the plaintiff, after giving a price upon its other lands in that vicinity, stated positively that it did not own the lands in suit. It is clear that the plaintiff then knew that the defendants were logging all the pine lands they could profitably purchase in that vicinity, and were constantly in the market to purchase such lands, and that Beyer claimed to own this eighty acres and had offered it for sale to others. Had it appeared that the plaintiff knew that the defendants were negotiating with Beyer for the purchase of the eighty, or were about to negotiate with him, we apprehend there could be little contention but that an estoppel would take place if the defendants bought of Beyer relying on the disclaimer. True, the plaintiff believed its statement to be true, and hence was not guilty of intentional deceit or of making a knowingly false statement; but the disclaimer would have been one delib-

erately made, with intent to influence the act of another who was known to be about to act upon the truth of the representation, and the making of such a statement, even in ignorance of its falsity, would have amounted to such culpable negligence as would be the equivalent of fraud. *Coleman v. Pearce*, 26 Minn. 123; *Hendricks v. Kelly*, 64 Ala. 388; *Mayer v. Erhardt*, 88 Ill. 452; *Kingman v. Graham*, 51 Wis. 232; *Leather M. Bank v. Morgan*, 117 U. S. 96; 2 Herman, Estoppel, §§ 771, 772.

But it is said in the present case that the disclaimer was not made with any knowledge that the defendants proposed to act thereon, and hence is but a mere casual statement, which cannot be the foundation of an estoppel. The general rule is that the statement relied on as an estoppel must be made with intent that it be acted upon, and with knowledge that the other party is contemplating such action; but it by no means follows that the intended action must be definitely and positively known to the maker of the statement. If the circumstances are such that a reasonable man, under the circumstances, would anticipate that it was to be acted on, it will be sufficient. The principle is well expressed in *Kingman v. Graham, supra*, in the following words: "If there is a positive misrepresentation, it in general suffices if it be made either with the intention that another should act upon it, or with knowledge that he is about to act, or under such circumstances that a reasonable man would know that it would be acted upon." Herman says that the party estopped must have "had reasonable ground for supposing that the person whom he was misleading would act upon what he was saying." 2 Herman, Estoppel, § 775.

Under the circumstances of the present case, it seems to us clear that the plaintiff had reasonable ground to apprehend that the defendants would purchase the land of Beyer, if they could do so, after the disclaimer of title was made. Its officers knew that the defendants were looking for such land to purchase, and that Beyer, and no one else, was re-

Two Rivers Mfg. Co. vs. Day and another.

cently offering this parcel for sale. A very small degree of business sagacity would suggest to any mind the probable result of these conditions.

It is said that the state of the title was apparent from the record, and was, or might have been, as well known to the defendants as to the plaintiff, and hence that there can be no estoppel; and reliance is placed upon *Gove v. White,* 20 Wis. 425, and *Kingman v. Graham, supra.* The first of the cases involved the question simply as to whether a party could be estopped by oral declarations from asserting the true boundary of land, when the boundaries were clearly set forth in the deeds which the party claiming the estoppel had in his possession. The second is a case where mere silence was asserted as a ground of estoppel, and it was held that, where the title appears of record, mere silence will not estop the true owner from asserting his title. But, in the same case, the case of *Knouff v. Thompson,* 16 Pa. St. 357, was cited with approval, as follows: "The party who has placed his written title on record has given the notice which every person is bound to know and respect. The law does not require him to go further. But, if he speaks or acts, it must be consistent with his recorded title. The law distinguishes between silence and encouragement. While silence may be innocent and lawful, to encourage and mislead another into expenditure on a bad or doubtful title would be a positive fraud that should bar and estop the party,— the author of that encouragement and deception,— from disturbing the title of the person whom he misled, by any claim of title in himself." The application of this principle to the present case is so plain as to render comment unnecessary. The judgment of the court below was right, and should be affirmed.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.