FRELS, Appellant, vs. LITTLE BLACK FARMERS' MUTUAL
INSURANCE COMPANY, Respondent.

*February 3—February 23, 1904.*

*Fire insurance: Assignment of policy after adjustment of loss:
Rights of assignee: Garnishment: Failure of garnishee to dis-
close claims of third person: Contract limitation of actions:
Waiver: Estoppel.*

1. After an adjustment of a fire loss, the assured assigned and
   transferred his interest in the policy by an instrument recit-
   ing that, for a valuable consideration, "the holder of the with-
   in policy . . . hereby sells, transfers and sets over, all his
   interest in and to said policy . . . giving (the assignee) full
   power and authority to collect the same" as the insured could
   do himself, if he still owned the policy. *Held*, that right of the
   assignee to the proceeds of the adjusted loss was absolute as
   against his assignor.

2. In such case, the fact that no fund is shown to have been in
   the hands of the insurance company as due on the policy, or
   then enforceable by action, cannot stand in the way of an equi-
   table transfer of the proceeds of the policy, if the claim is
   thereafter definitely established under the facts and circum-
   stances as they existed when the assignment was made.

3. An insurance company, after it had adjusted the loss of P., was
   notified by F. that P. had assigned the policy to him. There-
   after the insurance company was summoned as garnishee of P.,
   but failed to disclose the assignment or the claims thereunder
   of F., who was not a party to and did not appear in the gar-
   nishment action. *Held*, that a judgment against the insurance
   company in the garnishment action did not prevent F. from
   recovering from the insurance company the full proceeds of
   the policy.

4. In such case, it was the duty of the insurance company to bring
   the fact of such assignment to the attention of the court by
   setting it up as a defense.

5. A policy of insurance contained this provision: "Any suit or ac-
   tion for the recovery of any claim by virtue of this policy, shall
   not be sustained in any court unless such suit or action be com-
   menced within twelve months after the loss occurred." A loss
   under the policy having occurred, it was adjusted, and shortly
   thereafter plaintiff gave notice that he claimed the proceeds as
   assignee of the insured. The company never asserted any de-

fense against their liability, but their correspondence showed
that they stood ready to pay the loss but for garnishment pro-
ceedings pending. In an action by such assignee, to recover the
amount of such adjusted loss, brought more than one year after
the loss, it was *held* that the insurance company was estopped
from aserting any defense under the contract limitation above
quoted.

APPEAL from a judgment of the circuit court for Taylor
county: B. F. DUNWIDDIE, Judge. *Reversed.*

This is an action by the assignee of an insurance policy to
recover the amount due for a loss under the policy. The
facts stipulated and admitted by the pleadings, so far as
material, are: The policy was for $200, and ran from July 3,
1896, to July 3, 1901. It was issued to George M. Pulsipher,
and covered property, including his barn. On May 31, 1901,
the barn was totally destroyed. The insurance company and
the assured adjusted the loss, pursuant to the agreement in
the policy. After such adjustment the company issued the
following order:

"Little Black, Wis., June 7th, 1901.
"To Otto Schuster, Treas. :—

"The fire of George Pulsipher's barn has been adjusted by
Fred Kaemmerer and Peter Wuest and he is entitled to one
hundred seventy-five dollars, $175.00, which amount you will
pay him on or before ninety days from date and oblige.
"JOHN KRAEMER, Prest.
"FRED KAEMMERER, Sec., of the *Little Black Farmers'
Mutual Insurance Company."*

This order was given to the treasurer of the company. On
the 18th of June the assured assigned and transferred his
interest in the policy and what was due thereon by the fol-
lowing assignment:

"The holder of the within policy, for the consideration
of the sum of thirty-five (35) dollars and other valuable con-
sideration hereby sells, transfers and sets over, all his in-
terest in and to said policy, to *August Frels,* for his own use
and benefit, giving him full power and authority to collect

the same, as he could do himself, if he still was the owner of it.

"Dated, Medford, Wis., June 18th, 1901.

"G. M. Pulsipher."

On the 20th of June, appellant, the assignee, gave notice of this assignment to Fred Kaemmerer, the secretary of the company, by showing him the written assignment. On the 21st of June appellant gave verbal notice of this assignment to Otto Schuster, the treasurer of the company, at which time Schuster informed him that the garnishment summons attaching the proceeds on a claim against Pulsipher had been served on the company that day, and that the company refused payment to the assignee of the amount as adjusted, because such garnishment proceedings had been commenced and were then pending. On June 27th appellant, through his attorney, notified the treasurer of the company in writing of the assignment, giving notice that, if the payment was refused, an action would be commenced against the company to enforce payment of the amount due him as assignee under the policy. The garnishment action was tried on July 22, 1901. The respondent insurance company appeared, but did not set up or bring to the court's attention the assignment of the claim by the assured to appellant, either on the return day in the garnishment action nor at any other time before judgment therein; nor did it tender the defense to appellant, but made oral answer as follows upon the trial, as the justice's docket entries disclose.

"Anton Feddick v. George Pulsipher, Defendant, and *The Little Black Farmers' Insurance Company*, a corporation, and Otto Schuster, garnishee, Defendants.

"Otto Schuster, as treasurer of the *Little Black Farmers' Insurance Company*, and himself, having been summoned to appear before me on the 1st day of July, 1901, at two o'clock p. m., and answer touching his liability as garnishee of Geo. Pulsipher, against whom said plaintiff has commenced action before me, and said garnishee having appeared on the

1st day of July, 1901, at two o'clock p. m., I proceeded to examine said garnishee touching the matters alleged in the affidavit of complaint. The said garnishee, being first duly sworn, makes answer as follows: 'I am treasurer of the *Little Black Farmers' Insurance Company,* a Wisconsin corporation. The company owes Geo. Pulsipher one hundred seventy-five dollars on account of the burning of his barn. This money is owing to him. It is due about September 2, 1901. I do not owe Geo. Pulsipher anything personally. The committee examined the claim, and allowed the same, and the secretary notified me that the loss was $175.00, which I should pay to George Pulsipher. There is nothing more for the company to do in order for me to pay it over. This money is under my control.' "

Notice was served by the defendant to appeal this garnishment action. The justice made the return to the Taylor county circuit court, where the appeal was dismissed on June 25, 1902. On June 27, 1901, the treasurer of respondent was notified in writing of appellant's claim under this assignment, and that it was made prior to the service of the garnishee summons. Appellant, as assignee of this claim, on June 30, 1902, repeated his demand for payment on the company, which was denied on July 3, 1902, by letter of the president of the company, stating that the assignment was without the consent of the company, and, further:

"The treasurer of our company has orders from justice court to pay A. Feddick $138.00 out of this insurance money. Now, this decision was confirmed by J. K. Parish, circuit judge, and as soon as the costs in this court are adjusted you are welcome to the balance of the money. Otto Schuster was telling me that you want to sue the insurance company for the whole amount, but as long as the company was willing to pay, but did not know to whom, I cannot see why you want to sue us."

The present action was commenced on November 21, 1902. The company alleges as defenses that it was not commenced within the twelve months next after the loss had occurred, as

limited by the provision of the policy; and that it (the company) is discharged to the extent of the amount paid by it pursuant to the order of the justice in the action of Anton Feddick v. Geo. Pulsipher (the assured) and this respondent, as garnishee. The court awarded judgment in respondent's favor upon the ground that the cause of action was barred because not brought within the period of limitation fixed by the policy, and for costs. This is an appeal from such judgment.

For the appellant there was a brief by *Textor & Cook* and *Herman Leicht,* and oral argument by *Mr. Leicht.*

For the respondent there was a brief by *Schweppe & Urquhart,* and oral argument by *E. H. Schweppe.*

SIEBECKER, J. The first question presented upon the pleadings and admitted facts is whether appellant is the owner of the claim covered by the policy. It appears from the foregoing statement of facts that the acts of the parties to the assignment are not questioned. The assignment is in terms a transfer, for a valuable consideration, of all the assured's interest in and to the policy, and clearly indicates an intention to pass all the assured's interest in and arising out of it. Under these circumstances the right of appellant to the proceeds of the policy cannot be questioned as between him and the assignor. *Skobis v. Ferge,* 102 Wis. 122, 78 N. W. 426; *Jones v. Mayor, etc.,* 90 N. Y. 387; *Schilling v. Mullen,* 55 Minn. 122, 56 N. W. 586. The fact that no fund is shown to have been in the hands of the company as due on the policy, or then enforceable by action, cannot stand in the way of an equitable transfer of the proceeds of the policy, if the claim is thereafter definitely established under the facts and circumstances as they existed when the assignment was made. *Chapman v. Plummer,* 36 Wis. 262, and cases cited. The assured relinquished all rights in and under the

policy, and appellant asserted full and complete ownership
to all the proceeds.

It is shown that appellant gave notice of the assignment
to him by exhibiting on June 20th the written assignment,
indorsed on the policy, to Fred Kaemmerer, the secretary
of the company; and that he gave verbal notice to Otto
Schuster, the treasurer of the company, on the following day,
and on the succeeding 27th of June caused his attorney to
notify the treasurer, in writing, of the assignment, and de-
manded payment of the sum due or to become due under the
policy, and in default of payment gave notice that an action
would be brought to enforce the claim.  It is asserted, how-
ever, that the company is liable to appellant, as such assignee,
for no more than the balance after deducting the amount paid
by it to the justice in the garnishment action.  Respondent
was summoned as garnishee in the action in justice court
against George M. Pulsipher, the assured, on the 21st day
of June, 1901.  It appeared by Otto Schuster, the treasurer,
who made answer for it on July 1, 1901, touching its lia-
bility as such garnishee.  It answered, admitting the loss re-
sulting from the burning of Pulsipher's barn, that the same
had been duly adjusted at the sum of $175, and that this
sum was owing to George M. Pulsipher and due him about
September 2d, following.  In its answer as garnishee it
wholly omitted to state or bring to the attention of the court
the fact that such claim under the policy had theretofore
been duly assigned to appellant, nor did it tender him the
defense in the garnishment action.  The facts clearly estab-
lish that respondent had been fully informed and notified
of the assignment of the claim to appellant when it was
served, and before it answered in the garnishment action.
It is also without dispute that appellant was no party to and
in no way appeared in this action.  Under these circum-
stances there is no basis for holding that the judgment in

that action could in any way conclude appellant as a party claiming title to the proceeds of the policy. · *Adams v. Filer,* 7 Wis. 306; *Winner v. Hoyt,* 68 Wis. 278, 32 N. W. 128; *Coleman v. Scott,* 27 Neb. 77, 42 N. W. 896.

It is urged in respondent's behalf that it is relieved from paying any sum it paid into court under the order of the justice as .such garnishee upon the debt of George M. Pulsipher, the original owner of the policy. This contention cannot prevail, since respondent wholly omitted to take the proper and necessary steps in that action to so protect itself. It had full knowledge of the owner's assignment of the policy and its proceeds to appellant, and his interest therein, before it answered in the garnishment action. This information cast upon it the duty of bringing it to the attention of the court by setting up this matter as a defense to the action. In *John R. Davis L. Co. v. First Nat. Bank,* 84 Wis. 1, 54 N. W. 108, this court held:

"Our statutes seem certainly to contemplate that the garnishee shall set forth in his answer any claim which third persons, to his knowledge, may have upon the property in his hands (S. & B. Ann. Stats. secs. 3721–3723b; Id. sec. 2760, subd. 5); the policy being apparently to bring all the conflicting claims as well as the parties making such claims before the court in order that all questions as to the ownership of the specific property in question may be settled in one proceeding. . . . Fairness and good faith require that when the garnishee knows of an assignment and transfer of property in his hands he should disclose the fact in his answer." *Adams v. Filer, supra; Coleman v. Scott, supra; Pierce v. C. & N. W. R. Co.* 36 Wis. 283; *Wilson v. Groelle,* 83 Wis. 530, 53 N. W. 900.

The rights of the attaching creditor in the garnishment action could be no greater than the rights of the defendant (George M. Pulsipher) to the property in the possession of or debts due or to become due from the garnishee. It follows that there was nothing due or to become due from respondent to George M. Pulsipher at the time of the commencement

of the garnishment action, and that the company failed to take the necessary legal steps in the garnishment action to protect itself from liability to the assignee.

Respondent's counsel asserts that appellant's attorney appeared in the garnishment action, and set up appellant's claim, and that appellant's right to this money must have been litigated upon the trial of that action. This, however, is disputed, and the record does not sustain the contention. We find nothing in the record to show that appellant appeared in the case by attorney or in his proper person. The record of the trial as returned by the justice contains nothing tending to show this fact, but discloses that appellant was no party to the action, and in no way appeared therein.

The question remains whether this action is barred by the limitation expressed in the policy providing:

"Any suit or action, for the recovery of any claim by virtue of this policy, shall not be sustained in any court . . . unless such suit or action be commenced within twelve months after the loss occurred."

This condition in policies has been considered by the courts, and it is held may, like others inserted for the protection and benefit of the insurer, be waived. When the conduct and statements of those authorized to act for the company is such that a reasonably prudent man would anticipate that a claim will be paid, and that it will not be resisted under any condition of the policy, then the company will be estopped from claiming the benefit thereof. This is upon the equitable principle, enforced by the courts, that, if the company through those who are authorized to speak for it, either by words or conduct, has induced the assured to refrain from doing that which he otherwise would probably have done, in view of the conditions of the policy, then it will be estopped from asserting the forfeiture it has so induced, to the prejudice of the assured, who has given faith to such statements or reasonable inferences from such con-

duct.   In the following cases this principle of estoppel is considered and approved: *Killips v. Putnam F. Ins. Co.* 28 Wis. 472, and cases cited; *Kidder v. Knights Templars & M. L. I. Co.* 94 Wis. 538, 69 N. W. 364; *Black v. Winneshiek Ins. Co.* 31 Wis. 74; *Redman v. Hartford F. Ins. Co.* 47 Wis. 89, 1 N. W. 393; *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108; *Two Rivers Mfg. Co. v. Day,* 102 Wis. 328, 78 N. W. 440; *Phenix Ins. Co. v. R. B. H. Lodge,* 41 Neb. 21, 59 N. W. 752; *Ide v. Insurance Co.* 2 Biss. 333, Fed. Cas. No. 7,001; *Insurance Co. v. Wilkinson,* 13 Wall. 222; Joyce, Insurance, § 3207; May, Insurance, §§ 488–508.   Do the facts furnish a basis for the application of this rule to the parties in this case?   The officers of the company and the assured adjusted the loss on the seventh day after the fire, which occured on May 31st, and issued and delivered an order to the treasurer, directing him to pay it on or before ninety days.   On the 21st of June following, after respondent had been informed by appellant that he owned the policy under the assignment and claimed the proceeds thereof, he was informed and notified by the treasurer of the company that garnishment proceedings had been commenced and were then pending, "and that for that reason payment was refused."   This clearly implied that the company made no objection to its liability under the policy, and that it stood ready to pay the loss whenever the garnishment action was terminated.   That this was the only ground upon which the company refused to pay appellant the amount is confirmed by its subsequent conduct in justices' court on July 1st, in admitting liability on the policy for the amount of the loss as adjusted, without aserting any other defense; and also by the president's letter written to appellant on July 3, 1902, declaring the company had been willing to pay this loss, but did. not know to whom.   After the appeal in the garnishment action was finally dismissed in the circuit court on June 25, 1902, more than a year after the loss occurred,

respondent again demanded payment from the company on
June 30th following, which was refused by the president's
letter (July 3d), asserting ignorance of the assignment, and
offering payment of the balance due on the policy above the
amount paid into justices' court.  These facts and circum-
stances clearly show that the company claimed no defense
as against their liability, and stood ready to pay the loss but
for the garnishment proceeding.  These representations and
conduct of its officers were well calculated to lead appellant,
as a reasonable man, into the belief that it would not insist
upon the condition of the policy which limited the time for
bringing an action on the policy to twelve months after loss.
To now permit the company to set up this limitation would
give it an advantage over appellant which would be against
equity and good conscience, and it should not be permitted to.
avail itself of such advantage.  We must hold that respond-
ent is estopped from asserting this defense, and that appel-
lant is entitled to judgment upon the admitted facts of the
case.

 *By the Court.*—Judgment reversed, and the cause is re-
manded, with directions that the court award judgment to
appellant for the sum of $175, with interest and costs.