LYNDON LUMBER COMPANY, Appellant, vs. SAWYER, Respondent.

*April 3—May 8, 1908.*

*Conflict of laws: Deeds: What law governs: Demurrer: Opening record: Covenants: Action for breach: Proper allegations: Fraudulent representations: Reforming deed: Jurisdiction: Estoppel.*

1. The law of the state where land is situated governs its descent, alienation, and transfer, and the effect and construction of deeds conveying it, in so far as they affect the rights of parties arising from such descent, alienation, or transfer.

2. A resident of Wisconsin executed in Illinois a conveyance of land in Mississippi to a Mississippi corporation, pursuant to an option contract made in Wisconsin with the principal stockholders and officers of said corporation providing for a conveyance either in Wisconsin or Illinois. *Held*, that the conveyance was governed by the laws of Mississippi; that the covenant of warranty contained therein cannot be treated as separate and independent from the contract of conveyance; and hence that the rule of place of performance governing ordinary commercial contracts cannot apply.

3. A demurrer to an answer and counterclaim relates back to the complaint and requires examination of its sufficiency, and if found insufficient the demurrer should be sustained as a demurrer to the complaint, although the answer and the counterclaim are sufficient.

4. A complaint which seeks to charge defendant with a breach of a covenant in his deed against incumbrances made or suffered by him should state that the incumbrance, which is alleged to

have existed at the time of the conveyance, had its inception while defendant was owner of the premises.

5. To plaintiff's complaint seeking to charge defendant with liability for breach of covenant against incumbrances, contained in a deed conveying land situated outside the state of defendant's residence, defendant by answer and counterclaim alleged that plaintiff fraudulently concealed from him the fact that certain taxes on said land had not been paid, which by the law of the state where the land was situated constituted a lien thereon; that defendant, as plaintiff knew, was ignorant of the law of such other state; that plaintiff concealed the effect of such law and induced defendant to execute a deed which in form contained no covenant against incumbrances, but which contained words which by the law of the state where the land was situated, of which law defendant, as plaintiff knew, was ignorant, and the effect of which plaintiff concealed from defendant, operated as a covenant against incumbrances. *Held*, on demurrer, that the answer and counterclaim stated sufficient facts to entitle defendant to relief on account of fraud against plaintiff's claim, and to reformation of the deed so as to express the agreement actually made between the parties.

6. While the courts of this state cannot reach and modify a deed recorded in the proper county in another state where land included in the deed is situated, yet, if a plaintiff appears here to enforce a right under such deed, a court of equity may, as against plaintiff, upon a proper showing, compel reformation of the deed so as to express the agreement actually made between the parties.

7. Where the principal stockholders and officers of a corporation, by conduct prior to its organization, would be estopped from enforcing a liability against a grantor of land for breach of covenant against incumbrances, a corporation subsequently organized by them for the purpose of purchasing such land would likewise be estopped.

Appeal from an order of the circuit court for Washington county: Martin L. Lueck, Circuit Judge. *Reversed.*

The appeal is from an order overruling plaintiff's demurrer to defendant's answer and counterclaim.

The complaint alleged that the plaintiff was a Mississippi corporation and that defendant was a resident of Wisconsin at the time of the purchase of the property in question from

the defendant; that on May 21, 1903, defendant was the owner of the premises in question, which were situated in Mississippi; that defendant and his wife on that day transferred the lands to plaintiff by deed; that plaintiff accepted the transfer and took possession of the lands under such deed, the deed specifying the consideration; and that defendant thereby did "grant, bargain, sell, convey, and warrant" to plaintiff the lands therein described; that the deed was executed and delivered in the city of Chicago; and that there was no seal affixed to the signatures of the defendant and his wife. The complaint alleges that the law of Mississippi provides that private seals are dispensed with, except as to corporations, and that the distinction between sealed and unsealed instruments, as to rights conferred or the remedies thereon, is abolished. It also alleged that the statute in force in Mississippi when the deed was made, as to forms of conveyances and the effect of the use of the words "grant," "bargain," and "sell" and the warranty in conveyances, declares that " 'grant, bargain, sell' shall operate as an express covenant to the grantee, his heirs and assigns, that the grantor was seized of an estate free from incumbrance made or suffered by the grantor except the rents and services that may be reserved, and also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in the conveyance; and the grantee, his heirs and assigns, may in any action assign breaches as if the covenants above mentioned were expressly inserted." Sec. 2440 (1196), ch. 70, Ann. Code Miss. 1892. It is further alleged that sec. 2480 (1233), ch. 70, Ann. Code Miss. 1892, declares that "the word 'warrant' without restrictive words in a conveyance shall constitute a covenant by the grantor that he and his heirs and personal representatives will forever warrant and defend the title of the property unto the grantee and his heirs, representatives and assigns, against the claims of all persons whomsoever lawfully claiming the

same." The complaint also alleges that the premises were not free from all incumbrances at the time of the making and delivery of the deed, but that they were subject to a duly assessed and levied tax under the laws of Mississippi, amounting to $324; that such tax was a subsisting lien on the premises at the time they were so conveyed, and that plaintiff was compelled to pay these taxes on February 1, 1904, to prevent a sale of the premises for unpaid taxes and to protect its interest in the lands; and that when plaintiff so paid the taxes defendant became indebted to plaintiff therefor, but has refused to pay their amount, though requested so to do.

The defendant answered the complaint, admitting plaintiff's incorporation, his residence, and the conveyance of these lands to plaintiff on May 21, 1903. He alleges that Carter & Kennedy of Hattiesburg, Mississippi, held an option from him for the purchase of the lands upon the terms therein specified; that a transfer under the option was to be made at either Milwaukee, Wisconsin, or Chicago, Illinois, upon payment of the specified purchase price; that he had no negotiations with the plaintiff other than through Carter & Kennedy; that the lands were transferred to plaintiff under this option at Carter & Kennedy's direction; and that for the convenience of Carter & Kennedy the transfer was made pursuant to the option and executed at Chicago, Illinois. Defendant alleges that all the taxes assessed and levied upon the lands embraced in the deed had been paid at the time of the conveyance and that the lands were clear from tax liens and claims, and that he had no knowledge or information sufficient to form a belief as to the allegations of the complaint respecting the existence, at the time of the execution and delivery of the deed, of liens for taxes on the lands for the year 1903 under the laws of Mississippi. For further defense and as an equitable counterclaim defendant alleges that he and Carter & Kennedy entered into an option agreement before this transfer, whereby he agreed to convey these lands to

them upon the terms stipulated, which contained no stipulation that he was to pay the 1903 taxes on the premises; that Carter and Kennedy as principal stockholders and officers in plaintiff company directed that the transfer of the lands, under their option to purchase, be made to plaintiff, as was done by the deed in question; that Carter & Kennedy conducted all the negotiations for the transfer and were fully informed of all the terms and conditions thereof; that Carter & Kennedy fully understood that payment of the taxes by defendant was not intended or included in the option agreement and that they and defendant understood and intended that defendant was not to be held for or required to pay the taxes for 1903 on these lands. Defendant further alleges that Carter & Kennedy, at the time of the execution of this deed, led defendant to believe that the lands were then free from all incumbrances, including taxes, and that they accepted the transfer of the title without any covenants against incumbrances. It is further alleged that Carter & Kennedy were fully informed as to the laws of the state of Mississippi respecting the assessment and levy of taxes and as to the liens created thereby, if any; of the legal effect under Mississippi statutes of the operative words "grant, bargain, sell, convey, and warrant" in deeds; and that defendant was wholly ignorant as regards these matters of law; that Carter & Kennedy were fully informed of defendant's want of knowledge as to these matters; that they represented to defendant that they had caused the title to be examined and led defendant to believe that it was free and clear of incumbrances at the time of conveyance; and that defendant relied on the acts, conduct, and representations respecting all these matters involved in the transfer and was thereby induced to make and execute the deed at the time, in the manner and form as set out in the pleading. Defendant demands affirmative relief to the effect that plaintiff be precluded from enforcing the claim alleged, and, if necessary, that the deed be reformed so

as to convey the premises subject to the taxes for the year 1903.

The plaintiff filed a demurrer to the answer upon the ground that it appears on the face thereof that it does not state facts sufficient to constitute a defense; and also demurred separately to the alleged counterclaim therein upon the ground that it does not state facts sufficient to constitute a counterclaim, "(1) because said counterclaim does not state facts sufficient to constitute a cause of action; also (2) because the alleged cause of action stated in said counterclaim is not pleadable as a counterclaim in this action." The court entered an order overruling the demurrers. This is an appeal from such order.

The cause was submitted for the appellant on the brief of *Kuechenmeister & Barney,* and for the respondent on that of *E. W. Sawyer & H. A. Sawyer.*

SIEBECKER, J.   The appellant contends that the demurrer to the answer and the counterclaim should have been sustained, because the facts alleged constitute no defense nor facts constituting an estoppel, nor grounds for affirmative relief upon a counterclaim. The questions on this demurrer involve inquiry as to whether the rights of the parties arising out of the transaction alleged are governed by the laws of the state of Mississippi or of the state of Wisconsin. The pleading shows that the transfer embraces Mississippi lands; that the plaintiff is a corporation organized under Mississippi laws and that its officers and stockholders are residents of the state of Mississippi; and that the defendant is a resident of Wisconsin, where the option between him and Carter & Kennedy for the sale of the lands was made. This option provided that a conveyance under it was to be executed at Milwaukee, Wisconsin, or in Chicago, Illinois. It is alleged that the deed in question was actually executed and delivered and the consideration paid in Chicago. The allegations

clearly show that the transaction is one between persons of different states, concerning lands in a state where one of the parties resides. It is well established that the law of the state wherein land is situated controls and governs its descent, alienation, and transfer, and the effect and construction of deeds conveying it, in so far as they affect the rights of parties arising from such descent, alienation, or transfer. *McGoon v. Scales,* 9 Wall. 23; *Brine v. Ins. Co.* 96 U. S. 627; *Polson v. Stewart,* 167 Mass. 211, 45 N. E. 737; *Riley v. Burroughs,* 41 Neb. 296, 59 N. W. 929; *Tillotson v. Prichard,* 60 Vt. 94, 14 Atl. 302; *Scudder v. Union Nat. Bank,* 91 U. S. 406; *Frierson v. Williams,* 57 Miss. 451. In the last case cited the court quotes with approval the following from Story, Confl. of Laws:

"The general principle of the common law is that the laws of the place where such immovable property is situate exclusively govern in respect to the rights of the parties, the modes of transfer, and the solemnities which should accompany them." Sec. 424. And: "The same rule would also seem equally to apply to express liens and to implied liens upon immovable estate." See, also, Dicey, Confl. of Laws, rule 151, p. 586.

Respondent contends that under the circumstances of the case the covenant here in question should be treated as separate and independent from the contract of conveyance. We cannot so consider it in view of its nature and its effect upon the rights of the parties respecting the title to this land. Hence the rule of the place governing ordinary commercial contracts (*Brown v. Gates,* 120 Wis. 349, 97 N. W. 221, 98 N. W. 205) cannot apply. It is alleged by defendant that all the taxes assessed and levied on these lands at the time of conveyance were paid, and that defendant had no knowledge or information sufficient to form a belief as to the allegation in the complaint charging that the lands were then subject to a tax duly assessed and levied under the laws of Mississippi, and that it constituted an incumbrance thereon, and that de-

fendant became indebted to plaintiff for the amount of such tax, which plaintiff was compelled to pay in February, 1904, to protect its interest in the lands embraced in the deed. These allegations of the answer are a denial of the allegations of the complaint and thus raise an issue between the parties as to the matters thus alleged.

The plaintiff's demurrer to the answer and counterclaim relates back to the complaint and requires examination of the sufficiency of the complaint. *Lawe v. Hyde,* 39 Wis. 345, and cases cited. The question of the sufficiency of the complaint was not specifically presented on appeal in the briefs and arguments. An examination of the complaint discloses that plaintiff seeks to charge defendant with a breach of a covenant in this deed against incumbrances "made or suffered" by the defendant. But the complaint is silent as to whether the incumbrance, which is alleged to have existed at the time of conveyance, did in fact have its inception during the time that defendant was owner of the premises. Nor are the facts alleged in the pleadings sufficient to apprise the defendant of plaintiff's claim in this respect. We deem such an allegation essential to complete the cause of action attempted to be alleged in the complaint.

Counsel for both parties have fully discussed the question of the sufficiency of the answer and counterclaim under the demurrer thereto and we will therefore proceed to consider them. The answer alleges that Carter and Kennedy wilfully concealed from defendant the facts now alleged by plaintiff as part of its cause of action, namely, that under the laws of Mississippi the annual taxes for 1903 were a lien on the real estate at the time of conveyance, and that the deed covenants against incumbrances of this nature. It is also alleged that they fraudulently represented to defendant, shortly before and at the time of the transfer, that the premises were free and clear from incumbrances, when they well knew that defendant was ignorant both as to the law of Mississippi and

as to the actual state of the title, which they claimed to have examined and represented to defendant to be free from incumbrances; and that defendant believed the lands were in fact free from all claims for taxes and other incumbrances, as was represented to him. It is further alleged that plaintiff's officers fraudulently prepared the deed in question by inserting the operative words "grant, bargain, sell, convey, and warrant" and fraudulently induced defendant to execute it with the fraudulent purpose of holding him liable for these taxes upon an implied covenant against incumbrances, well knowing that defendant was wholly ignorant of the effect of these words in such deed, and that he did not intend nor agree to covenant against incumbrances. If Carter and Kennedy understood that defendant was in fact ignorant of the laws of Mississippi respecting these matters, or if they had good reason to know that he understood and believed, through their representations, that the lands were in fact free from incumbrances or that no covenant against incumbrances was intended to be embraced in the deed, or that defendant was misled or induced to execute such a deed by their misconduct in this transaction, then defendant is entitled to relief, upon the ground of fraud, against the plaintiff's claim. The fact that Carter and Kennedy individually obtained the option to purchase these lands from defendant cannot affect the status of the case, since it is averred that they caused plaintiff to be incorporated to purchase these lands, that they are its principal stockholders and officers, and that they conducted all the negotiations to their final conclusion by conveyance under this deed. Under these circumstances the effect of their acts and conduct, if established as claimed, would estop plaintiff from claiming any benefit as against defendant, if he in good faith relied on such alleged fraudulent representations as true. *Mihills Mfg. Co. v. Camp,* 49 Wis. 130, 5 N. W. 1; *Two Rivers Mfg. Co. v. Day,* 102 Wis. 328, 78 N. W. 440; *Frels v. Little Black F. Mut. Ins. Co.* 120 Wis. 590,

597, 598, 98 N. W. 522, cases; *Marling v. Nommensen,* 127 Wis. 363, 106 N. W. 844.

The defendant alleges that he relied upon these allegations, by which he claims to have been fraudulently induced to execute this deed containing a covenant against incumbrances, and therefore asks that the deed be reformed so as to express the true agreement, without such covenants. While the courts of this state cannot reach and modify the recorded deed in the proper county in the state of Mississippi, yet, since plaintiff appears in the courts of this state to enforce a right under such a deed against plaintiff, a court of equity may, as against plaintiff, upon such facts being shown, compel reformation of the deed so as to express the agreement actually made between it and the defendant. *Dickson v. Loehr,* 126 Wis. 641, 106 N. W. 793, and cases there cited.

The other questions presented in argument are not properly before us on this appeal and can only arise upon trial of the issues of fact raised by the pleadings. Considerable attention is given by counsel in argument to the effect of the law of Mississippi upon the covenants in this deed and the effect of the tax lien law under such covenants. Consideration of these questions should be deferred until proof is made of the law of Mississippi bearing on the questions raised under the allegations of the pleadings in the case. It seems that such proof is proper under the allegations on these subjects. *Central T. Co. v. Burton,* 74 Wis. 329, 334, 43 N. W. 141; 9 Ency. Pl. & Pr. 542, "Foreign Laws;" 20 Ency. Pl. & Pr. 600, 601, subd. 3, "Manner of Pleading Foreign Statutes," and cases cited in note.

The court should have sustained the demurrer as a demurrer to the complaint. The answer and counterclaim allege sufficient facts to constitute a defense and counterclaim.

*By the Court.*—Order reversed, and the cause remanded for further proceedings according to law; respondent to recover his costs in this court.

BASHFORD, J. (*dissenting*). I concur in the opinion of the court that the answer and counterclaim are sufficient and that the demurrer thereto was properly overruled; but I dissent from the conclusion that the complaint does not state a cause of action, and that the demurrer should be sustained upon that ground.