HOLMAN, Respondent, vs. LUECK, Appellant.

*December 15, 1908—January 5, 1909.*

*Garnishment: Effect as between garnishee and third persons: Judg-*
    *ment: Res adjudicata: Dismissal of appeal from justice's court:*
    *Effect.*

1. In an action by the plaintiff, assignee of a nonnegotiable note,
   the defendant pleaded payment under a judgment of a justice
   of the peace in an action wherein defendant was summoned as
   garnishee. In that action, while defendant as such garnishee
   was present in court, the deposition of such assignee was put
   in evidence, wherein such assignee testified that he claimed to
   own the note. Defendant took no steps to notify the assignee
   of the garnishment action, and failed to proceed as provided in
   sec. 3723b, Stats. (1898), to bring the assignee into the gar-
   nishment suit and thus protect himself against double liability.
   *Held:*
       (1) Payment of the judgment in the garnishment action was
   no defense in the instant action.
       (2) The proof was sufficient *prima facie* to establish notice
   of the assignment of the note.
2. A judgment of dismissal, "without prejudice to the plaintiff's
   right to bring another action," of an action regularly before
   the circuit court on appeal from a justice's judgment (whether
   the order of dismissal was regular or not), left no judgment
   in the justice's court, and constituted no bar to a subsequent
   action.
3. Such judgment of dismissal, if erroneous, constituted error with-
   in the jurisdiction of the circuit court.

APPEAL from a judgment of the circuit court for Clark
county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an appeal from a judgment in favor of the plaint-
iff and against the defendant on two promissory notes, one
for $125 and the other for $53.52. The action was brought
in justice's court, where judgment was rendered in favor of
the defendant, and upon appeal to the circuit court a verdict
was directed in favor of the plaintiff subject to the opinion of
the court upon questions of law. It was stipulated that any

questions of fact arising might be decided by the court without a jury. The court, after having the case under advisement for a considerable time, rendered judgment in favor of the plaintiff and against the defendant for the amount of the notes, $213, damages, and costs taxed at $36.77. The two notes were similar in form, made by defendant *Charles Lueck,* and contained the provision authorizing confession of judgment at any time after date before or after due, were nonnegotiable, and payable to Charles F. Daebel or order. The claim of the plaintiff is that the notes were for a valuable consideration transferred to him. The defense to this action was that defendant had paid the notes under former garnishments in two suits against Daebel, payee, brought by one Radke, and in which defendant here was garnished; and also a former judgment pleaded in bar in the instant action, which judgment was rendered in a prior action between the parties to this action originally commenced in justice's court and judgment rendered for the defendant, and appeal taken to the circuit court, where the action was dismissed without prejudice to the plaintiff's right to bring another action.

For the appellant there was a brief signed by *Marsh & Schoengarth,* and oral argument by *S. M. Marsh.*

For the respondent there was a brief by *Ryan, Merton & Newbury* and *Homer S. Clark,* and oral argument by *E. Merton.*

KERWIN, J. The appellant contends (1) that the plaintiff's cause of action was barred by payment under orders of the court in the garnishee proceedings; and (2) that judgment in former action between the same parties to this action is a bar.

1. Under the first contention it appears from the record that two actions were commenced in justice's court by one Radke against Daebel, payee named in the notes here in

suit, one in September, 1903, and the other in April, 1904,
and the defendant in this action garnished in said actions.
Such proceedings were had that judgment was rendered
against the defendant Daebel in said actions, and orders en-
tered requiring the defendant here to pay the amount of his
indebtedness on said notes into justice's court in satisfaction
of said judgments. The money was paid into the justice's
court in compliance with the orders. The question arises
whether the payment by defendant *Lueck* under the former
garnishee proceedings is a defense to the instant action, and
this question turns upon whether the defendant *Lueck* had
notice that the present plaintiff, *Holman,* claimed to own the
notes. It is insisted on the part of the appellant that there
is no proof of notice to defendant *Lueck.* In the first garni-
shee action brought in justice's court before referred to, the
Commercial State Bank as well as defendant *Lueck* was
garnished. On the return day of the garnishee summons
the bank appeared by its attorney and *Lueck* appeared in
person. The case was adjourned for three weeks, and on
the adjourned day the bank appeared by its attorney, and
*Lueck* appeared in person and made oral answer. The bank
also answered by way of general denial. During the pro-
ceedings on the adjourned day the depositions of Charles
Daebel, *Mr. Holman,* and Mrs. John Schafer were put in
evidence by the bank. The contents of these depositions dis-
closed the fact that *Holman,* plaintiff here, claimed the notes
in suit. The present suit was commenced in justice's court
after the Radke garnishee proceedings where judgment went
for defendant, and on appeal to the circuit court judgment
was given for the plaintiff upon the two notes. In the Radke
garnishee action the defendant *Lueck* took no steps to bring
notice to *Holman* of the Radke garnishee, and failed to pro-
ceed as provided by sec. 3723*b,* Stats. (1898), to bring the
defendant *Holman* into the Radke garnishee suits and thus
protect himself against double liability. So, if defendant

*Lueck* had notice of the claim of plaintiff *Holman* in time to avail himself of the statutory protection, the payment under the orders in the Radke garnishees is no defense against the plaintiff *Holman*. *Adams v. Filer,* 7 Wis. 306; *John R. Davis L. Co. v. First Nat. Bank,* 84 Wis. 1, 54 N. W. 108; *Frels v. Little Black F. Mut. Ins. Co.* 120 Wis. 590, 98 N. W. 522. The court below held that defendant had notice. The record in justice's court in the Radke garnishee action shows that *Lueck* was in justice's court on the adjourned day and was put upon the witness stand and examined respecting the pending issue. On the same day and, as appears from the justice's docket, at or about the same time the defendant *Lueck* was examined, the depositions of Daebel, *Holman,* and Mrs. Schafer were put in evidence, and it further appears that the $125 was in possession of the bank, garnishee. The depositions having been filed with the justice, setting forth plaintiff's claim to the notes on the adjourned day, and at or about the time *Lueck* was in court and being examined, we think the evidence sufficient to warrant the court below, in the absence of any showing to the contrary, in finding that defendant *Lueck* had notice of plaintiff's claim to the notes. It also appears that no denial by defendant was made of notice. If, as a matter of fact, he had no actual notice of the contents of the depositions, he doubtless would have gone upon the stand and so testified. We think the proof was sufficient *prima facie* to establish notice. 16 Cyc. 1072; *John R. Davis L. Co. v. First Nat. Bank, supra.*

2. Action was brought in justice's court on the notes in suit. Judgment was rendered against plaintiff and he appealed to the circuit court. The plaintiff took a dismissal in circuit court, and obtained an order of dismissal "without prejudice to the plaintiff's right to bring another action." Afterwards the present action was commenced, and it is insisted that the former judgment of dismissal was a bar. We

cannot agree with appellant in this contention.  The circuit court had jurisdiction on appeal of the parties and the subject matter, and, whether the order of dismissal was regular or not (a point we do not decide), it is clear that it was within the jurisdiction of the court to make it.  The whole case was removed from the justice's court by the appeal, and the action was in the circuit court for all purposes.  When the action was dismissed in circuit court it was out of both courts, justice's and circuit, for all purposes.  There never having been a trial on the merits in the circuit court, where the case was regularly carried by appeal, and the case having been dismissed by order of the court without prejudice to the plaintiff's right to bring another action, we see no ground for holding that the former judgment is a bar.  The dismissal of the action in circuit court left no judgment in the justice's court.  But it is argued by counsel for appellant that because no affidavit for new trial was filed on the appeal and the judgment not exceeding $15, exclusive of costs, the appeal could be heard only on the original papers under secs. 3767, 3768, Stats. (1898), and therefore the circuit court could not dismiss the action, but must proceed to dispose of it in the manner provided by sec. 3769, Stats. (1898), namely, to give judgment according to the weight of the evidence and the justice of the cause, without regard to errors which do not affect the merits and without regard to the findings of the justice, and may amend pleadings, render an affirmative judgment, or affirm or reverse the judgment in whole or in part, either as to damages or costs, or both, as to any of the parties, and for errors of law or fact.

It is unnecessary to determine upon this appeal whether the court below was in error in dismissing the action.  If error, it was error within its jurisdiction.  Counsel for appellant seem to think that the court had power to dismiss the action, and that the wrong committed was in dismissing it without prejudice, because, the case being before the circuit

court for review, the dismissal operated as a bar to any subsequent action upon the notes. But the judgment of dismissal could not have this effect. The justice's judgment was disposed of by the appeal and dismissal of the action, and the order of dismissal superseded the justice's judgment and terminated the action. The court had jurisdiction to render a judgment and dispose of the case. It did so, and whether the judgment was right or wrong it was no bar to the present action. It follows that the judgment below was right and must be affirmed.

*By the Court.*—The judgment is affirmed.