LIBERTY (A. J.), Plaintiff and Appellant, vs. LIBERTY (URBAN), Respondent: LIBERTY (JOHN), Executor, Garnishee Defendant and Appellant.

*October 14—November 9, 1937.*

The cause was submitted for the appellants on the brief of *Hughes & Hughes* and *Doar & Knowles,* all of New Rich-mond, attorneys for A. J. Liberty, and *F. M. White* of River Falls, attorney for John Liberty, and for the respondent on

that of *W. G. Haddow* of Ellsworth and *C. E. Warner* of Minneapolis, Minnesota.

FAIRCHILD, J. One question raised by the appellants relates to the right of a nonresident attorney to the protection afforded by a lien on the judgment obtained as a result of his services. We see no objection to a regularly licensed attorney of a sister state, who has been duly authorized by the court in which the action is pending, taking part in the trial of a case and having the benefit of a charging lien for his services as a regularly admitted resident attorney would have, there being nothing in the law limiting a lien to the attorney of record. The propriety of appearances by nonresident attorneys has been recognized in the following cases: *Motion to admit Ole Mosness, Esq. to the Bar of this Court,* 39 Wis. 509; *In re Pierce,* 189 Wis. 441, 207 N. W. 966; and the protection of such attorney by a lien in *Barnes v. Verry,* 154 Minn. 252, 191 N. W. 589. An attorney has a lien by operation of law upon a judgment obtained by his efforts to the extent of the value of his services and his expenses and disbursements. *Rice v. Garnhart,* 35 Wis. 282; *Stanley v. Bouck,* 107 Wis. 225, 83 N. W. 298; *Marshall v. Meech,* 51 N. Y. 140; *Weed v. Boutelle,* 56 Vt. 570, 48 Am. Rep. 821; 5 Am. Jur., Attorneys at Law, p. 392, § 219. He may enforce his lien in a court other than that before which his services were rendered. See *Ingersoll v. Coram,* 211 U. S. 335, 29 Sup. Ct. 92.

Neither Haddow nor Warner was interpleaded and no record of their appearance other than as attorneys for the principal defendant appears, except in the findings. This precludes the possibility of a judgment in this action directing payment to them of any amount and of any allowance for costs. But the garnishee's answer as served upon the plaintiff contained allegations of the existence of a lien. The

plaintiff did not deny this, nor did the principal defendant, and the garnishee's answer therefore became conclusive as to the claim that a lien, which is the equivalent of an equitable assignment, existed. Sec. 267.12, Stats., reads:

"The answer of the garnishee shall be taken as true unless the plaintiff shall, within twenty days, serve upon the garnishee a reply."

In this state of the record evidence was offered upon the trial by defendant, and testimony was given by Haddow, one of the lien claimants, that showed the existence of a lien in favor of Messrs. Haddow and Warner and the amount thereof. As rights under the garnishment are subordinate to a valid pre-existing lien, the only judgment which could be entered in favor of plaintiff would be for the balance, if any existed, over the amount of the lien. *Weed v. Boutelle, supra;* sec. 267.17, Stats. The court made a finding upon sufficient evidence that the garnishee defendant was indebted to the principal defendant, Urban Liberty, in the sum of $472.76, subject, however, to the lien in favor of W. G. Haddow and C. E. Warner against said fund in the sum of $244.48. (By what was probably a clerical error, the conclusions of law stated the lien to be $251.37, plus expenses and disbursements, $8.10, instead of $236.38, plus expenses and disbursements, but the judgment is consistent with the findings.) The judgment therefore should have been that the garnishee stand liable to the plaintiff for the sum of $228.28, then under his control belonging to the principal defendant, that being the extent of his right or interest in the fund described in the garnishee's answer.

The affirmative relief, including costs, granted to the owners of the lien cannot be allowed in this action. It appears that, at the time the garnishee summons was served upon him, the garnishee defendant had funds in his possession and notice of a lien thereon. He made truthful answer and disclosed all the facts within his knowledge. There was no

issue raised under which the garnishee defendant ought to be taxed with costs. *Little Wolf River Imp. Co. v. Jackson,* 66 Wis. 42, 49, 27 N. W. 625; sec. 267.16, Stats. The judgment provided that $56.55 costs and disbursements should be deducted from the fund, and paid to the lien claimants, who were not parties, thus reducing the amount the plaintiff should recover. The judgment must therefore be modified as to the plaintiff, directing that the garnishee pay to plaintiff, out of the fund in his hands properly belonging to Urban Liberty, the sum of $228.28 instead of $171.73, and must be reversed in so far as it provides for costs against the garnishee defendant and directs payment to lien claimants of the amount of the lien. The garnishee defendant did not ask to have the lien claimants interpleaded, *Holman v. Lueck,* 137 Wis. 375, 119 N. W. 124; and they did not choose to be interpleaded. Hence, realization upon their claim under the lien must be left for further proceedings.

*By the Court.*—Upon the garnishee's appeal, judgment reversed in part; upon appeal of plaintiff, judgment modified by adding $56.55 to the amount allowed plaintiff, and, as modified, affirmed.